SHIRLEY A. SIDNEY v. CYRIL A. ALLEN, M.D., RALEIGH MEDICAL ASSOCIATES, AND WAKE COUNTY HOSPITAL SYSTEM, INC.

No. 9310SC568

(Filed 5 April 1994)

1. **Limitations, Repose, and Laches § 24 (NCI4th)— medical malpractice—continued course of treatment—claim barred by statute of repose**

Plaintiff's forecast of evidence was insufficient to show that defendant doctor treated her during her 25 November 1988 hospital stay for the condition created by the doctor's failure to administer radiation therapy to plaintiff in 1982, and summary judgment was properly entered for defendants on the ground that plaintiff's medical malpractice action was barred by the four-year statute of repose set forth in N.C.G.S. § 1-15(c), where plaintiff filed her complaint on 20 November 1992; defendants presented affidavits by the doctor and by a hospital records technician that the doctor did not provide care or treatment to plaintiff after 21 October 1988; and plaintiff presented evidence that the 25 November 1988 hospital record listed defendant doctor's name as her personal physician and that, although she did not see defendant doctor during this hospital stay, she received a Medicare statement indicating

SIDNEY v. ALLEN

[114 N.C. App. 138 (1994)]

that he billed her for services when he was called in by the hospital for advice, but plaintiff's evidence did not reveal the date of the services allegedly rendered by defendant doctor, when he was called by the hospital, or whether the services he rendered related to plaintiff's condition created in 1982.

**Am Jur 2d, Physicians, Surgeons, and Other Healers § 320.**

**When statute of limitations commences to run against malpractice action against physician, surgeon, dentist, or similar practitioner. 80 ALR2d 368.**

2. **Estoppel § 19 (NCI4th) — estoppel to plead statutes of repose and limitation — concealment of facts — knowledge by plaintiff**

Defendants were not estopped from pleading the statutes of repose and limitation in plaintiff's medical malpractice action on the ground that defendants delayed furnishing her medical records to her attorney and thus concealed information from her where plaintiff had knowledge of the facts she claims were concealed from her, and any delay by defendants in supplying plaintiff's medical records was not a cause for the delay in filing her complaint.

**Am Jur 2d, Limitation of Actions §§ 431 et seq.; Physicians, Surgeons, and Other Healers § 322.**

Judge JOHNSON dissenting.

Appeal by plaintiff from order and judgment entered 10 March 1993 in Wake County Superior Court by Judge Henry W. Hight, Jr. Heard in the Court of Appeals 2 March 1994.

*Carol M. Schiller for plaintiff-appellant.*

*Young Moore Henderson & Alvis, P.A., by David P. Sousa, for defendant-appellees Cyril A. Allen, M.D. and Raleigh Medical Associates.*

*Poyner & Spruill, by Samuel O. Southern and Robert O. Crawford, III, for defendant-appellee Wake County Hospital System, Inc.*

GREENE, Judge.

Shirley A. Sidney (plaintiff) appeals from a 10 March 1993 judgment granting Cyril A. Allen, Raleigh Medical Associates, and

Wake County Hospital System, Inc.'s (defendants) motion for summary judgment based on the statutes of limitation and of repose in this medical malpractice action.

On 20 November 1992, plaintiff filed a complaint against defendants in Wake County Superior Court alleging that Dr. Cyril A. Allen (Dr. Allen) was negligent in 1982 by failing to properly treat plaintiff, inform her of treatment choices, inform the consulting physician of his choice of denying treatment, record the basis for denying treatment, follow up on her medical status, correct the misimpression plaintiff had received combined chemotherapy and radiation treatment, and diagnose her continuing symptoms. Plaintiff also alleges that the other defendants failed to properly supervise Dr. Allen and to track medical records. Plaintiff alleged that during her 25 November 1988 admission to Wake Medical Center (the Hospital), the hospital facility operated by defendant Wake County Hospital System, Inc. (the Hospital System), the medical staff "consulted . . . Cyril A. Allen, M.D., concerning the Plaintiff's medical status and care, and that [he] failed to accurately advise the Plaintiff or the other medical staff on her medical status and treatment." The Hospital System made a motion for summary judgment pursuant to Rule 56 of the North Carolina Rules of Civil Procedure on 29 January 1993 on the grounds that the plaintiff's claims were barred by the applicable statutes of limitation and repose. Plaintiff made a motion for partial summary judgment on the issue of the statute of limitation.

The evidence, in the light most favorable to plaintiff, *Patterson v. Reid*, 10 N.C. App. 22, 28, 178 S.E.2d 1, 5 (1970) (evidence must be considered in light most favorable to non-movant in summary judgment hearing), shows that in 1982, plaintiff was diagnosed with Hodgkin's Disease and was given chemotherapy at the Hospital by Dr. Allen, who requested a recommendation from a radiation oncologist. Dr. Kenneth Zeitler (Dr. Zeitler), a radiation oncologist, recommended radiation therapy in 1982; however, Dr. Allen did not treat plaintiff with radiation therapy. He saw plaintiff for follow-up treatment at his office at the Raleigh Medical Associates (RMA) and at the Hospital through 21 October 1988. The Hodgkin's Disease totally disabled plaintiff who could not re-enter the workforce.

Plaintiff was admitted to the Hospital on 25 November 1988 for a number of medical problems, including probable polymyositis, rhabdomyolysis, vitamin B-12 deficiency and anemia, urinary tract

infection, and restrictive lung disease. The attending physician was Dr. David H. Gremillion. In 1991, she was referred by a nephrologist for a CT scan which revealed recurrence of Hodgkin's Disease for which plaintiff underwent chemotherapy and radiation therapy, recommended by Dr. Zeitler on 31 March 1992.

On 31 March 1992, Dr. Robert Ornitz informed plaintiff that Dr. Zeitler had recommended radiation therapy to Dr. Allen in 1982 which plaintiff never received. By letters dated 3 August 1992, 25 August 1992, 9 September 1992, and 13 October 1992 and addressed to the office manager of Dr. Allen, counsel for plaintiff requested a copy of the medical records of plaintiff. On 27 August 1992, plaintiff received a copy of her medical records from the Hospital System. Dr. Allen mailed plaintiff's medical records to her counsel on 24 October 1992, but the records did not include any record of medical treatment by Dr. Allen on 21 October 1988. On 1 February 1993, plaintiff's counsel received another copy of plaintiff's records from the Hospital.

In support of the Hospital System's motion for summary judgment, Dr. Allen stated in his affidavit that "[a]t no time since October 21, 1988, have I or [RMA] provided any care or treatment to the plaintiff nor been consulted concerning the care and treatment of the plaintiff for any reason or purpose." Martha Strickland (Ms. Strickland), Assistant Director of Medical Records for the Hospital and certified as an Accredited Records Technician, stated in her affidavit that plaintiff was admitted on 25 November 1988, and "[t]here is no documentation in the records of any care or treatment of [plaintiff] as a patient by Dr. Cyril A. Allen at any time after her discharge from Wake Medical Center on or about September 25, 1982, including [plaintiff]'s November 25, 1988, admission, except on October 21, 1988, when Dr. Allen sent [plaintiff] to Wake Medical Center as a 'referred out-patient.' "

Plaintiff, in opposition to the Hospital System's motion, stated in her affidavit that when she was admitted to the Hospital on 25 November 1988, "the doctors asked [her] questions about who [her] doctor was for Hodgkin's Disease." She stated "[d]uring my hospitalization in November, 1988, . . . I do not remember seeing Dr. Allen, but I do remember getting a Medicare statement with his name on it for the services that he rendered when he was called in by Wake Medical Center for advice." Plaintiff's patient

record for her hospitalization on 25 November 1988 lists "C. Allen" as her personal physician.

On 10 March 1993, the trial judge signed an order granting defendants' motion for summary judgment on the grounds that the plaintiff's claims are barred by the statutes of limitation and repose. After plaintiff moved pursuant to Rule 60 of the North Carolina Rules of Civil Procedure to correct the 10 March 1993 order and judgment, an amended order and judgment was signed 18 March 1993 and reflected the granting of defendants' motion for summary judgment and the denial of plaintiff's motion for partial summary judgment.

---

The issues presented are whether (I) Dr. Allen treated plaintiff on 25 November 1988 for the condition created by the alleged failure of Dr. Allen to administer radiation treatment to plaintiff in 1982; and (II) defendants are equitably estopped from asserting the defenses of the statute of limitation and the statute of repose.

I

Plaintiff argues that her claims are not barred by the statutes of limitation and repose and that summary judgment on this basis was error. We disagree.

N.C. Gen. Stat. § 1-15(c), containing the relevant statutes of limitation and repose, consists of substantive and procedural components. The substantive component is known as the statute of repose which provides "in no event shall an action be commenced more than four years from the last act of the defendant giving rise to the cause of action." N.C.G.S. § 1-15(c) (1983). The procedural component is known as a statute of limitation which provides that a cause of action for malpractice is "deemed to accrue at the time of the occurrence of the last act of the defendant giving rise to the cause of action." *Id.; Stallings v. Gunter*, 99 N.C. App. 710, 714, 394 S.E.2d 212, 215, *disc. rev. denied*, 327 N.C. 638, 399 S.E.2d 125 (1990). With an exception for injuries not readily apparent, three years is the period of limitation for medical malpractice. N.C.G.S. § 1-15(c).

Because the complaint was filed on 20 November 1992, plaintiff's claim is barred by the statute of repose unless the "last act" of the defendants "giving rise" to this cause of action occurred on or after 19 November 1988. It is not disputed that the last

alleged negligent act of the defendants giving rise to this cause of action occurred in 1982 when Dr. Allen allegedly failed to treat plaintiff with radiation therapy. Under the continuing course of treatment doctrine, however, if Dr. Allen subsequently treated plaintiff for the particular condition created by his alleged earlier act of negligence, that date of treatment is the "last act" within the meaning of Section 1-15(c). *Stallings*, 99 N.C. App. at 714, 394 S.E.2d at 215. Treatment within the meaning of *Stallings* includes both affirmative acts and omissions. *Id.* at 715, 394 S.E.2d at 216.

[1] Assuming that treatment from 1982 until 1985 and again in 1988 after a three year gap constitutes a continuing course of treatment, the question is whether Dr. Allen treated plaintiff on 25 November 1988, the only date plaintiff claims Dr. Allen treated her within the four years prior to the filing of the complaint.

Defendants, who moved for summary judgment, produced the affidavits of Dr. Allen and Ms. Strickland establishing that Dr. Allen did not provide any care or treatment, nor was he consulted, concerning plaintiff's treatment for any reason or purpose after 21 October 1988. This evidence satisfies defendants' burden of proving that summary judgment for them is justified, in that the statute of repose bars plaintiff's claims. *See Clark v. Brown*, 99 N.C. App. 255, 260, 393 S.E.2d 134, 136-37, *disc. rev. denied*, 327 N.C. 426, 395 S.E.2d 675 (1990). The burden then was on plaintiff to "set forth specific facts showing that there is a genuine issue for trial." *Roumillat v. Simplistic Enters., Inc.*, 331 N.C. 57, 63, 414 S.E.2d 339, 342 (1992). Plaintiff's evidence is that during her hospitalization on 25 November 1988 she did "not remember seeing Dr. Allen" but that she did receive a medicare statement with Dr. Allen's name on it "for the service that he rendered when he was called in by [the Hospital] for advice." Plaintiff's evidence does not reveal the date of the service allegedly rendered by Dr. Allen, when he was allegedly called by the Hospital, or whether the "service rendered" was related to the condition created as a result of the alleged negligent act in 1982. Although the 25 November 1988 hospital records presented by plaintiff list Dr. Allen's name as plaintiff's personal physician, there is no indication in those records that he was consulted or treated plaintiff on that day.

In evaluating whether plaintiff's evidence raises a genuine issue for trial, plaintiff, as the non-movant, must be given the benefit of all reasonably drawn inferences. *Collingwood v. G.E. Real Estate*

SIDNEY v. ALLEN

[114 N.C. App. 138 (1994)]

*Equities*, 324 N.C. 63, 66, 376 S.E.2d 425, 427 (1989). The mere possibility, however, "that a factual dispute may exist, without more, is an insufficient basis upon which to justify denial of a motion for summary judgment." *Posey v. Skyline Corp.*, 702 F.2d 102, 106 (7th Cir.), *cert. denied*, 464 U.S. 960, 78 L. Ed. 2d 336 (1983); *Dendy v. Watkins*, 288 N.C. 447, 455, 219 S.E.2d 214, 219 (1975). In determining whether the non-movant has satisfied her burden, "it is helpful to refer to the theory underlying a motion for directed verdict." *Dendy*, 288 N.C. at 452, 219 S.E.2d at 217. "[I]f it is clear that a verdict would be directed for the movant [based] on [all] the evidence presented at the hearing on the motion for summary judgment, the motion for summary judgment may properly be granted." *Id.*

In this case, plaintiff's evidence merely suggests that a question of fact *may* exist as to whether Dr. Allen treated her on 25 November 1988 for her condition that was created by Dr. Allen's alleged negligence in 1982. The evidence is not, however, such that a "reasonable mind might accept [it] as adequate to support [such] a conclusion." *See Hines v. Arnold*, 103 N.C. App. 31, 34, 404 S.E.2d 179, 181 (1991) (describing evidence necessary to defeat motion for directed verdict). Plaintiff, therefore, has failed in her burden of showing that there are genuine issues for trial and summary judgment for defendants was appropriate.

In so holding, we reject plaintiff's argument that summary judgment should have been denied on the grounds that the affidavits of Dr. Allen and Ms. Strickland are not credible. Plaintiff claims that because Dr. Allen and Ms. Strickland have an interest in the case, their testimony is "inherently suspect." We disagree. An interested witness's testimony is "inherently suspect" only if the testimony offered "concern[s] facts peculiarly within the knowledge of the witness." *Holley v. Burroughs Wellcome Co.*, 74 N.C. App. 736, 744, 330 S.E.2d 228, 234 (1985), *aff'd*, 318 N.C. 352, 348 S.E.2d 772 (1986). In this case, the matters stated in the affidavits are not "peculiarly within the knowledge of the witness[es]."

We do not address the denial of plaintiff's motion for partial summary judgment as it is a nonappealable interlocutory order that does not affect a substantial right. *Fraser v. Di Santi*, 75 N.C. App. 654, 655, 331 S.E.2d 217, 218, *disc. rev. denied*, 315 N.C. 183, 337 S.E.2d 856 (1985).

SIDNEY v. ALLEN

[114 N.C. App. 138 (1994)]

II

[2]   In the alternative, plaintiff argues that defendants are estopped from pleading the statutes of limitation and repose because they "concealed relevant facts concerning the Plaintiff's medical treatment." We disagree.

Estoppel is a recognized defense to the statutes of limitation and repose, *Blizzard Bldg. Supply v. Smith*, 77 N.C. App. 594, 595, 335 S.E.2d 762, 763 (1985), *cert. denied*, 315 N.C. 389, 339 S.E.2d 410 (1986), and must be established by the greater weight of the evidence. *Duke Univ. v. St. Paul Mercury Ins. Co.*, 95 N.C. App. 663, 673, 384 S.E.2d 36, 42 (1989). It is not, however, available to a party, including this plaintiff, who has knowledge of the very facts she claims were wrongfully concealed from her. *Parker v. Thompson-Arthur Paving Co.*, 100 N.C. App. 367, 370, 396 S.E.2d 626, 628-29 (1990). In this case, plaintiff became aware, on 31 March 1992, that Dr. Zeitler had recommended radiation treatment in 1982. This is the very information plaintiff claims was concealed from her by the defendants until after 21 October 1992. Thus, any delay by defendants in supplying plaintiff's medical records to her attorney was not a cause for the delay in the filing of the complaint, and plaintiff has failed in her burden of proof. Therefore, defendants are not estopped to assert the defenses of the statutes of limitation and repose.

Affirmed.

Judge JOHN concurs.

Judge JOHNSON dissents with separate opinion.

Judge JOHNSON dissenting.

I respectfully dissent and vote to reverse on the basis that a forecast of the evidence presents a genuine issue of material fact as to whether Dr. Allen engaged in a continued course of treatment to plaintiff through 25 November 1988. It is undisputed that plaintiff was admitted to Wake Medical Center on 25 November 1988, where she orally gave her medical history, including the history of her Hodgkin's Disease, to the attending physicians. When asked who was her attending physician for her Hodgkin's Disease, plaintiff identified defendant Dr. Allen. The medical records of

Wake Medical Center further verify that Dr. Allen was identified as her treating physician and note the time of day (in military hours) he was contacted concerning plaintiff's care on 25 November 1988. Defendants argue that this forecast of evidence does not show that Dr. Allen was asked about plaintiff's Hodgkin's Disease when he was contacted. It is reasonable to assume that he was not contacted by the physicians to discuss the weather, but instead to discuss the health condition of plaintiff, including her Hodgkin's Disease. This is bolstered by the forecast of evidence that, thereafter, plaintiff received a Medicare statement reflecting that Dr. Allen had billed for the services he rendered upon being consulted for an evaluation of plaintiff's condition on 25 November 1988.

I believe this forecast of evidence is such that "a reasonable mind might accept [it] as adequate to support a conclusion [that Dr. Allen treated plaintiff on 25 November 1988 for her condition that was created by his alleged negligence in 1982]." See *Hines v. Arnold*, 103 N.C. App. 31, 34, 404 S.E.2d 179, 181 (1991) (evidence necessary to defeat motion for directed verdict). Therefore, plaintiff's action is not time barred.