**TIPTON & YOUNG CONSTRUCTION CO. v. BLUE RIDGE STRUCTURE CO.**

[116 N.C. App. 115 (1994)]

TIPTON & YOUNG CONSTRUCTION CO., INC., PLAINTIFF v. BLUE RIDGE STRUC-
TURE CO., AND BALBOA INSURANCE COMPANY, DEFENDANTS AND BALBOA
INSURANCE COMPANY, THIRD PARTY PLAINTIFF v. J. B. FAGAN, THIRD PARTY
DEFENDANT

No. 9324SC884

(Filed 16 August 1994)

1. **Limitations, Repose, and Laches § 80 (NCI4th)— action
   against surety—time for instituting based on specific
   events—statute of repose**

   N.C.G.S. § 44A-28(b), which provides that the limitation peri-
   od for instituting suit against a surety runs from the longer peri-
   od of one year from the last day on which labor was performed or
   material was furnished, or one year from the date of final settle-
   ment with the contractor, is a statute of repose rather than limi-
   tation.

   **Am Jur 2d, Bonds § 37; Limitation of Actions § 16.**

2. **Limitations, Repose, and Laches § 152 (NCI4th)— statute
   of repose as condition precedent—failure to specially
   plead compliance**

   Statutes of repose are conditions precedent which must be
   specially pled, and in this case plaintiff failed to specially plead
   compliance with N.C.G.S. § 44A-28(b) and failed to prove at trial
   that it instituted the action within the period of the applicable
   statute of repose.

   **Am Jur 2d, Pleading §§ 83 et seq.**

Appeal by plaintiff from orders entered 17 May 1993 and 2 June
1993 by Judge Charles C. Lamm, Jr., in Yancey County Superior Court.
Heard in the Court of Appeals 21 April 1994.

*Lindsay & True, by Ronald C. True, for plaintiffs-appellants.*

*Waggoner, Hamrick, Hasty, Monteith and Kratt, by S. Dean
Hamrick, for defendant-appellee Balboa Insurance Company.*

LEWIS, Judge.

On 2 February 1988 plaintiff Tipton & Young Construction Com-
pany, Incorporated (hereinafter "Tipton") agreed to work as a sub-
contractor for a Department of Transportation project in Madison

County. Defendant Blue Ridge Structure Company (hereinafter "Blue Ridge") was the general contractor, and defendant Balboa Insurance Company (hereinafter "Balboa") was the surety on the contract. Tipton completed its work in June 1988, and the entire project was completed in January 1989. After completing its work, Tipton experienced difficulties collecting its payment.

On 30 May 1991 Tipton filed the present lawsuit against Blue Ridge and Balboa for breach of contract, seeking payment and alleging that Tipton had fully performed its obligations under the contract and that Blue Ridge had been paid in full by the State. Balboa cross-claimed against Blue Ridge and filed a third-party complaint against J.B. Fagan, the president of Blue Ridge, on the basis of an indemnity agreement. At trial, the court denied Blue Ridge's directed verdict motion, and Blue Ridge thereafter confessed judgment in favor of Tipton. The court granted a directed verdict for Balboa, and denied Tipton's Rule 59 motion as to Balboa. Tipton appeals from the court's rulings regarding Balboa.

Tipton argues that Balboa should have been precluded from asserting the statutes of limitation and repose as grounds for its directed verdict motion on the basis that Balboa waived its affirmative defenses by failing to plead them. Tipton also argues that Balboa is incorrect in asserting that the applicable statute, N.C.G.S. § 44A-28(b) (1989), is a statute of repose, and in asserting that a statute of repose is not an affirmative defense for purposes of Rule 8 of the North Carolina Rules of Civil Procedure.

[1]  What, then, is G.S. 44A-28(b)? Is it a statute of limitation or a statute of repose? We note that, because the State of North Carolina was a party to the contract, sections 44A-25 to 44A-34 of the General Statutes are presumed to have been written into the payment bond issued by Balboa. N.C.G.S. § 44A-30(b) (1989). Section 44A-28(b) states:

> No action on a payment bond shall be commenced after the expiration of the longer period of one year from the day on which the last of the labor was performed or material was furnished by the claimant, or one year from the day on which final settlement was made with the contractor.

The only case construing this section is *Pyco Supply Co. v. American Centennial Insurance Co.*, 85 N.C. App. 114, 354 S.E.2d 360 (1987). In that case, a panel of this Court determined that section 44A-28(b) is a

statute of repose. Although the Supreme Court overruled that opinion one year later in *Pyco Supply Co. v. American Centennial Insurance Co.*, 321 N.C. 435, 364 S.E.2d 380 (1988), it did not determine whether section 44A-28(b) is a statute of limitation or a statue of repose. It did, however, allow the plaintiff to amend its pleadings and have such amendment relate back to the original filing date. According to Tipton, in doing so the Court impliedly treated it as a statute of limitation.

A statute of limitation is a procedural bar which limits the time within which a plaintiff may commence an action after the cause of action has accrued. *Bolick v. American Barmag Corp.*, 306 N.C. 364, 368, 293 S.E.2d 415, 419 (1982); *Trustees of Rowan Tech. College v. J. Hyatt Hammond Assoc.*, 313 N.C. 230, 234 n.3, 328 S.E.2d 274, 276-77 n.3 (1985). The statute of limitation runs from the time of an injury or the discovery of the injury. *Rowan*, 313 N.C. at 234 n.3, 328 S.E.2d at 276-77 n.3. Statutes of limitation are clearly procedural and affect only the remedy and not the right to recover. *Boudreau v. Baughman*, 322 N.C. 331, 340, 368 S.E.2d 849, 857 (1988).

A statute of repose, on the other hand, is a time limitation which begins to run at a time unrelated to the traditional accrual of a cause of action. *Black v. Littlejohn*, 312 N.C. 626, 633, 325 S.E.2d 469, 474-75 (1985) (citations omitted). Our Supreme Court distinguished statutes of limitation and statutes of repose as follows:

> Unlike an ordinary statute of limitations which begins running upon accrual of the claim, the period contained in the statute of repose begins when a specific event occurs, regardless of whether a cause of action has accrued or whether any injury has resulted. Thus, the repose serves as an unyielding and absolute barrier that prevents a plaintiff's right of action even before his cause of action may accrue . . . .

*Id.* A statute of repose is a substantive limitation, and is a condition precedent to a party's right to maintain a lawsuit. *Boudreau*, 322 N.C. at 340-41, 368 S.E.2d at 857. This aspect of a statute of repose has been described as follows:

> Unlike a limitation provision which merely makes a claim unenforceable, a condition precedent establishes a time period in which suit must be brought in order for the cause of action to be recognized. If the action is not brought within the specified period, the plaintiff 'literally has *no* cause of action. The harm that

has been done is *damnum absque*, *injuria*—a wrong for which the law affords no redress.' For this reason, we have previously characterized the statute of repose as a substantive definition of rights rather than a procedural limitation on the remedy used to enforce rights. ˙

*Id.* (quoting *Rosenberg v. Town of North Bergen*, 293 A.2d 662, 667 (N.J. 1972), and citing *Lamb v. Wedgewood South Corp.*, 308 N.C. 419, 302 S.E.2d 868 (1983)).

Applying the above rules, we find that section 44A-28(b) is a statute of repose. The limitation period contained therein runs from the longer period of one year from the last day on which labor was performed or material was furnished, or one year from the date of final settlement with the contractor. Thus, the statute provides a fixed time period within which suit must be brought. The limitation period does not depend upon an injury or the accrual of a cause of action, but depends upon the occurrence of either of two specific events, both of which usually occur without giving rise to a course of action. Suing within the one-year time period is a condition precedent to the maintenance of a lawsuit against a surety.

[2] Having determined that section 44A-28 is a statute of repose, we must now determine whether it is an affirmative defense or a condition precedent. According to Tipton, statutes of repose are affirmative defenses, which will be waived if not pled. N.C.G.S. § 1A-1, Rule 8(c) (1990). According to Balboa, statutes of repose are conditions precedent, the performance of which must be averred by the plaintiff. N.C.G.S. § 1A-1, Rule 9(c) (1990).

We find that under North Carolina law statutes of repose are conditions precedent which must be specially pled. *See, e.g., Boudreau*, 322 N.C. at 340, 368 S.E.2d at 857; *Chicopee, Inc. v. Sims Metal Works, Inc.*, 98 N.C. App. 423, 426, 391 S.E.2d 211, 213, *disc. review denied*, 327 N.C. 426, 395 S.E.2d 674 (1990). In *Chicopee*, this Court stated that the plaintiff had the burden of proving the condition precedent that its cause of action was brought within the period of the applicable statute of repose. 98 N.C. App. at 426, 391 S.E.2d at 213. Furthermore, "[i]f plaintiff fails to prove that its cause of action is brought before the repose period has expired, a directed verdict for defendant is appropriate, since plaintiff's case is insufficient as a matter of law." *Id.*

COASTAL READY-MIX CONCRETE CO. v. N.C. COASTAL RESOURCES COMM.

[116 N.C. App. 119 (1994)]

In the case at hand, Tipton's complaint does not mention compliance with section 44A-28 or any conditions precedent. According to Balboa, Tipton did not introduce Balboa's bond at trial, and did not discuss section 44A-28 during the trial. We note that Tipton has not produced any evidence of compliance with section 44A-28, and that the transcript was not included in the record on appeal. We conclude that Tipton not only has failed to satisfy Rule 9's requirement that it specially plead compliance with conditions precedent, but failed as well to prove at trial that it instituted the action within the period of the applicable statute of repose, section 44A-28.

We note that because Tipton has presented no argument regarding the denial of its Rule 59 motion for a new trial, we need not address that assignment of error. Even if Tipton had argued that issue, we would find that the judge did not abuse his discretion in denying the motion. *See Worthington v. Bynum,* 305 N.C. 478, 290 S.E.2d 599 (1982).

The judgment of the trial court is hereby

Affirmed.

Judges EAGLES and WYNN concur.