KENNETH G. BRYANT, AND WIFE PAMELA W. BRYANT, PLAINTIFFS-APPELLANTS V. DON GALLOWAY HOMES, INC., DEFENDANT-APPELLEE

No. COA00-1076

(Filed 18 December 2001)

## Construction Claims— statute of repose—defective construction—last act or omission

The trial court did not err by granting defendant company's motion for summary judgment and by dismissing plaintiffs' complaint filed 25 November 1998 alleging damages for defective construction of their residence based on the expiration of the six-year real property improvement statute of repose under N.C.G.S. § 1-50(a)(5)(a) which began to run in November 1991 when defendant completed construction of the house and received a certificate of compliance, because: (1) the statute of repose did not begin to run upon the last act or omission of defendant, which was defendant's attempted repairs on the front door and foyer; and (2) to allow the statute of repose to run from the date of defendant's last repairs to the foyer in August 1994 would be tantamount to resetting the starting date of the statute of repose.

Judge GREENE concurring in a separate opinion.

Appeal by plaintiffs from order entered on 26 April 2000 by Judge Robert P. Johnston in Mecklenburg County Superior Court. Heard in the Court of Appeals 21 August 2001.

*Sellers, Hinshaw, Ayers Dortch & Lyons, P.A., by Robert C. Dortch, Jr. for plaintiff-appellant.*

*Dean & Gibson, L.L.P., by Christopher J. Culp for defendant-appellee Don Galloway Homes, Inc.*

*Frost, Brown & Todd LLC, by Kathy Kendrick for defendant-appellee Don Galloway Homes, Inc.*

BRYANT, Judge.

On 25 November 1991, defendant completed construction of a residence in Huntersville, North Carolina, and received a certificate of occupancy from the Charlotte/Mecklenburg County Building Standards Department. Defendant used the residence as a model home for a year. In September 1992, plaintiffs entered into a contract

to purchase the residence, and closed on the sale on 4 December 1992.

In February 1994, plaintiffs submitted to defendant a one-year walk-through form in which they indicated that the "[h]ardwood floors in [the] foyer, right inside the door, appear to be buckling." In July 1994, water intruded into the same area where the floors had buckled. In August 1994, defendants attempted to repair the problem. In July 1996, plaintiffs again discovered water damage, this time in the wall adjacent to the front door in the foyer. Plaintiffs learned that the wallboard was wet, the framing members were wet and mildewed and there was significant damage to structural members. On 10 February 1998, plaintiffs performed a moisture intrusion test, which revealed excessive moisture greater than nineteen percent. Plaintiffs estimate that repairs would cost between $11,291.00 and $97,342.69.

On 25 November 1998, plaintiffs filed a complaint against defendant alleging damages due to defective construction. Plaintiffs alleged seven causes of action related to the exterior installation and finish system [EIFS] on the house: 1) breach of express warranty; 2) breach of implied warranty of habitability and workmanlike construction; 3) breach of implied warranty of merchantability; 4) breach of implied warranty of fitness for a particular purpose; 5) negligence; 6) negligent failure to warn; and 7) unfair and deceptive trade practices. Specifically, plaintiffs alleged that water penetrated behind the EIFS on the house because of defects caused by defendant during the construction of the house.

On 18 February 2000, defendant moved for summary judgment on the grounds that plaintiffs' claims were outside the statutes of repose and limitation. The trial court granted defendant's motion for summary judgment on 26 April 2000 and dismissed plaintiffs' complaint with prejudice. Plaintiffs filed notice of appeal on 25 May 2000.

Plaintiffs assign as error the trial court's holding that a genuine issue of material fact did not exist as to: 1) when the house was substantially complete, or when defendant's last acts or omissions occurred for purposes of the statute of repose; and 2) whether the statute of limitations barred plaintiffs' claims. We disagree, and hold that the trial court did not err in granting defendant's motion for summary judgment.

Upon motion, summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on

BRYANT v. DON GALLOWAY HOMES, INC.

[147 N.C. App. 655 (2001)]

file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C.G.S. § 1A-1, Rule 56(c) (1999). An issue is material if "the facts alleged would constitute a legal defense, or would affect the result of the action, or if its resolution would prevent the party against whom it is resolved from prevailing in the action." *Koontz v. City of Winston-Salem*, 280 N.C. 513, 518, 186 S.E.2d 897, 901 (1972). An issue is genuine if it is supported by substantial evidence. *Id.*

Plaintiffs' first argument is that the trial court erred in dismissing the complaint as barred by the statute of repose. Plaintiffs argue that the statute actually began to run: 1) sometime after the closing on 4 December 1992, when the house could be used for its intended purpose; or 2) in August 1994, when defendant attempted repairs. We disagree.

A statute of repose is a condition precedent that must be specifically pled. *Tipton & Young Constr. Co. v. Blue Ridge Structure Co.*, 116 N.C. App. 115, 118, 446 S.E.2d 603, 605, (1994), *aff'd*, 340 N.C. 257, 456 S.E.2d 308 (1995); *see* N.C.G.S. § 1A-1, Rule 8(c) (1999). It is a substantive limitation that establishes a time frame in which an action must be brought to be recognized. *Id.* The repose period begins to run when an event occurs, regardless of whether or not there has been an injury. *Id.* at 117, 446 S.E.2d 604. The issue of whether the statute of repose has expired is a question of law. *Colony Hill Condo. I Ass'n v. Colony Co.*, 70 N.C. App. 390, 392, 320 S.E.2d 273, 275 (1984) (citing *Lamb v. Wedgewood South Corp.*, 308 N.C. 419, 425, 302 S.E.2d 868, 871-72 (1983)). Summary judgment is proper if the pleadings or proof show without contradiction that the statute of repose has expired. *Id.* The moving party has the burden of producing evidence sufficient to show that summary judgment is justified. *See Sidney v. Allen*, 114 N.C. App. 138, 143, 441 S.E.2d 561, 564 (1994), *aff'd*, 341 N.C. 190, 459 S.E.2d 237 (1995). The burden then shifts to the non-moving party to " 'set forth specific facts showing that there is a genuine issue for trial.' " *Id.* (quoting *Roumillat v. Simplistic Enters., Inc.*, 331 N.C. 57, 63, 414 S.E.2d 339, 342 (1992)).

A statute of repose prevents a plaintiff from bringing an action a certain number of years after the defendant's act or omission, regardless of whether the plaintiff has suffered an injury. *Monson v. Paramount Homes, Inc.*, 133 N.C. App. 235, 240, 515 S.E.2d 445, 449 (1999). In the case at bar, the applicable statute of repose is the

North Carolina real property improvement statute, which states in pertinent part:

> No action to recover damages based upon or arising out of the defective or unsafe condition of an improvement to real property shall be brought more than six years from the later of the specific last act or omission of the defendant giving rise to the cause of action or substantial completion of the improvement.

N.C.G.S. § 1-50(a)(5)(a) (1999). The statute defines "substantial completion" as

> that degree of completion of a project, improvement or specified area or portion thereof (in accordance with the contract, as modified by any change orders agreed to by the parties) upon attainment of which the owner can use the same for the purpose for which it was intended.

N.C.G.S. § 1-50(a)(5)(c) (1999). Although the statute does not define "last act or omission," this Court has stated that "[i]n order to constitute a last act or omission, that act or omission must give rise to the cause of action." *Nolan v. Paramount Homes, Inc.*, 135 N.C. App. 73, 79, 518 S.E.2d 789, 793 (1999), *review denied*, 351 N.C. 359, 542 S.E.2d 214 (2000). The purpose of section 1-50(a)(5) is to protect from liability those persons who make improvements to real property. *Id.*

Plaintiffs first argue that the statute of repose did not expire before the complaint was filed because the repose period began to run on or after 4 December 1992, the date of purchase. Plaintiffs base this argument on *Nolan v. Paramount Homes, Inc.*, 135 N.C. App. 73, 518 S.E.2d 789 (1999). In *Nolan*, defendant Paramount Homes, Inc. [Paramount], constructed a house in Durham, North Carolina. The Durham City-County Inspections Department issued a Certificate of Compliance on 6 June 1991, stating that the house was in substantial compliance with building and zoning ordinances. Paramount sold the house to the plaintiff, Barbara B. Nolan, on 9 December 1991. In March or April 1992, Paramount completed work pursuant to a punch list.

Nolan filed suit on 23 October 1997 for breach of implied warranty of habitability and workmanlike construction. Paramount moved for summary judgment, raising the statute of repose as a defense. Nolan argued that the statute of repose did not start to run until the house was substantially completed, i.e., when Paramount

finished work on the punch list. The trial court disagreed, and granted Paramount's motion. *Id.*

On appeal, this Court stated that the house was substantially completed when it could be used for its intended purpose. *Id.* The house could be used for its intended purpose—a residence—upon issuance of the certificate of compliance. *Id.* Furthermore, Paramount's last act or omission occurred when it defectively built the walls, not when it completed work on the punch list. *Id.* at 79, 518 S.E.2d at 793. Nolan had the burden of establishing a direct connection between the alleged harm and Paramount's last act or omission and failed to carry that burden. *Id.* at 77, 518 S.E.2d at 792.

In this case, plaintiffs argue that *Nolan* creates a rebuttable presumption that a house is substantially complete upon issuance of the certificate of compliance because it is at that time that the house can be used for its intended purpose. We find two problems with this argument. First, plaintiffs have offered no evidence that they were prevented from using the house as a residence. In fact, the record indicates otherwise. Plaintiffs lived in the house for six years before bringing this complaint. Second, plaintiffs point to no specific language in *Nolan* in support of their argument that a *rebuttable* presumption arises. We therefore decline to address this argument which is not adequately supported by the record. *See* N.C. R. App. P. 28(a), (b)(5).

Plaintiffs next argue that the statute of repose began to run upon the last act or omission of defendant, i.e., defendant's attempted repairs on the front door and foyer. We disagree. In *Monson v. Paramount Homes, Inc.*, 133 N.C. App. 235, 515 S.E.2d 445 (1999), the defendant general contractor, Paramount Homes, Inc. [Paramount], sold a house to the original owner in August 1990. The original owner then sold the house to Monson in 1993. Monson brought suit against Paramount alleging, inter alia, that Paramount used defective materials and improperly installed the windows and doors. Paramount subsequently learned that Carolina Builders Corporation [CBC] had repaired and replaced the windows and doors. Paramount filed a third party complaint for indemnification against CBC on 29 October 1997. CBC moved for dismissal for failure to state a legal claim. The trial court dismissed Paramount's claim as outside the statute of repose. Paramount appealed.

On appeal, Paramount argued that CBC's last act or omission occurred when it completed repairs in 1994; therefore, the claim was

within the six-year repose period because it was filed in 1997. The issue on appeal was whether a repair qualified as a last act or omission under North Carolina General Statute section 1-50(a)(5). The *Monson* court held that CBC's last act or omission occurred upon substantial completion when CBC supplied Paramount with the materials for the original construction of the house, not when CBC made repairs in 1994. *Id.* at 242, 515 S.E.2d at 450. "To allow the statute of repose to toll or start running anew each time a repair is made would subject a defendant to potential open-ended liability for an indefinite period of time, defeating the very purpose of statutes of repose such as N.C. Gen. Stat. § 1-50(5)."[1] *Id.* at 240, 515 S.E.2d at 449 (referring to what is now North Carolina General Statute section 1-50(a)(5), which was amended by Act of June 19, 1995, ch. 291, s. 1, 1995 N.C. Sess. Laws 587 (adding, among other things, subsection (a))).

Applying the holding of *Monson* to this case, to allow the statute of repose to run from the date of defendant's last repairs to the foyer in August 1994 would be tantamount to resetting the starting date of the statute of repose for the installation of the EIFS. The repose period began to run in November 1991 when defendant completed construction of the house and received a certificate of compliance. Therefore, the statute of repose had expired when plaintiffs brought this claim on 25 November 1998.

We therefore hold that the trial court did not err in dismissing the complaint based on the expiration of the statute of repose. Because the expiration of the statute of repose is sufficient to bar plaintiffs' claim, we will not review the second assignment of error regarding the statute of limitations.

Affirmed.

Judge CAMPBELL concurs.

Judge GREENE concurs in the result with a separate opinion.

GREENE, Judge, concurring in the result.

I agree that summary judgment for defendant was proper because the statute of repose had run before plaintiffs filed their

---

1. We note that a repair may qualify as a last act under section 1-50(a) if required by the parties under an improvement contract. *Monson,* 133 N.C. App. at 241, 515 S.E.2d at 450.

complaint. I write separately to note my disagreement with two aspects of the majority's analysis.

### Substantial Completion

The majority reads *Nolan v. Paramount Homes, Inc.*, 135 N.C. App. 73, 518 S.E.2d 789 (1999), *disc. review denied,* 351 N.C. 359, 542 S.E.2d 214 (2000), to establish a conclusive presumption that the issuance of a certificate of occupancy evidences the date of substantial completion. I disagree. The issuance of the certificate of occupancy raises only a rebuttable presumption of substantial completion, entitling a party to present evidence showing the residence was not yet usable for the purpose for which it was intended. *See id.* at 76-77, 518 S.E.2d at 791-92 (items on punch list could prevent or materially interfere with the plaintiff's use of the house as a residence, even though certificate of occupancy had already been issued).

In this case, plaintiffs presented no evidence challenging the rebuttable presumption of substantial completion on the date of the certificate of occupancy. Because no genuine issue of fact was raised, summary judgment as to this aspect of the statute of repose was properly granted for defendant. *See* N.C.G.S. § 1A-1, Rule 56(c) (1999).

### Last Act

The majority appears to read *Monson v. Paramount Homes, Inc.*, 133 N.C. App. 235, 515 S.E.2d 445 (1999), as holding that repairs can never "toll or start the running [of the statute of repose] anew." I disagree. A failed attempt to repair an alleged existing "defective or unsafe condition of an improvement to real property" starts the running of the statute of repose anew, as the attempted repair is the "last act . . . giving rise to the cause of action." N.C.G.S. § 1-50(a)(5)a (1999); *see New Bern Assoc. v. The Celotex Corp.*, 87 N.C. App. 65, 70-71, 359 S.E.2d 481, 484-85 (in reversing summary judgment the court necessarily found repair of defective roof material for "last act" analysis under section 1-50(a)(5)a, *disc. review denied,* 321 N.C. 297, 362 S.E.2d 782 (1987). Also, a repair made after the date of substantial completion pursuant to a continuing obligation under the original improvement contract represents the "last act" within the meaning of section 1-50(a)(5)a. *Monson*, 133 N.C. App. at 241, 515 S.E.2d at 450.

In this case, the evidence shows the repairs attempted by defendant in August 1994 were not to the stucco, the alleged defective condition created by defendant, but instead to the floors in the

house. Because no genuine issue of fact was raised, summary judgment as to this aspect of the statute of repose was properly granted for defendant. *See* N.C.G.S. § 1A-1, Rule 56(c).