DAVID R. MOORE AND CATHY MOORE, PLAINTIFFS V. F. DOUGLAS BIDDY CONSTRUCTION, INC., DEFENDANT

No. COA02-1529

(Filed 4 November 2003)

**1. Judgments— entry of default—set aside—no abuse of discretion**

Plaintiff failed to show that the trial court abused its discretion in setting aside an entry of default in a synthetic stucco action. There was good cause in confusion about the attorney who would represent defendant, and no prejudice to plaintiff because a dismissed prior action had included discovery and the assertion of defenses.

**2. Statutes of Limitation and Repose— substantial completion of house—occupation by owner**

Plaintiffs' synthetic stucco action was barred by the statute of repose where plaintiffs did not bring the first action until more than six years after the house was occupied. The six-year statute of repose of N.C.G.S. § 1-50(a)(5)(a) begins to run upon "substantial completion"; a house is substantially completed when it can be used for its intended purpose as a residence.

**3. Statutes of Limitation and Repose— statute of repose— equitable estoppel exception**

Defendant was not equitably estopped from asserting the statute of repose as a defense in a synthetic stucco action through furnishing materials and failing to follow the manufacturer's specifications or Building Code requirements. Plaintiff's affidavits failed to show that defendant's actions constituted fraudu-

lent or willful or wanton conduct, which would prevent the assertion of the defense under N.C.G.S. § 1-50(a)(5)(e).

**4. Discovery— extension of time—conflicting time statements**

Defendant's response to a request for admissions was timely where the court granted an extension of time for filing the answer, the court separately granted "an additional thirty days" for answering the request for admissions, and the clerk entered the date for the answer on the order concerning admissions. The date was mere surplusage because granting it precedence over the "additional thirty days" would render that order useless.

Appeal by plaintiffs from judgment entered 6 May 2002 by Judge Orlando F. Hudson, Jr. in Alamance County Superior Court. Heard in the Court of Appeals 9 September 2003.

*J. Reed Johnston, Jr., Robert C. Cone, L. Charles Grimes, and Amanda L. Fields, for plaintiffs-appellants.*

*Dean & Gibson, LLP, by Christopher J. Culp, for defendant-appellee.*

TYSON, Judge.

David R. Moore and Cathy Moore ("plaintiffs") appeal from order granting F. Douglas Biddy Construction, Inc.'s ("defendant") motion for summary judgment. We affirm.

## I. Background

On 4 June 1992, plaintiffs and defendant entered into a written contract for the construction of a house to be built in Elon, North Carolina ("the house"). The Alamance County Building Inspections Department issued a Certificate of Occupancy in June 1993. Plaintiffs moved into the house in August 1993.

Defendant used an exterior insulation and finish system ("EIFS") commonly known as "synthetic stucco." In 1997, plaintiffs noticed defects along the interior wall, which included buckling, bending, and rotting of wood. Water had leaked through the exterior wall around the window frame. Plaintiff reported this damage to defendant who made repairs to the wall and window. Damage from water intrusion continued and in September 2000 plaintiffs hired Sydes Construction Company to remove the EIFS siding and replace it with conventional stucco. While replacing the EIFS, plaintiffs became aware that none

MOORE v. F. DOUGLAS BIDDY CONSTR., INC.

[161 N.C. App. 87 (2003)]

of the windows or doors in the house had been flashed. As a result, water had intruded causing the wooden structures around the doors, windows, and elsewhere in the house to rot resulting in structural damage and termite infestation.

Plaintiffs originally filed an unverified complaint on 15 October 1999 and voluntarily dismissed without prejudice on 14 September 2000. Plaintiffs refiled this action 7 June 2001 pursuant to N.C.R. Civ. P. 41(a). Defendant had received plaintiffs' "Request for Admissions" [sic] along with service of the refiled complaint on 13 June 2001. Among other things, plaintiffs' Request for Admission Number Six requested that defendant admit "[t]hat this lawsuit has been brought within the applicable period of the relevant Statute of Limitations and Statute of Repose." Defendant moved for, and was granted, an extension of "an additional 30 days . . . to respond to plaintiffs' discovery requests." Defendant filed responses to plaintiffs' Requests for Admission on 31 August 2001. Defendant failed to timely file an Answer.

Entry of default was entered against defendant on 15 August 2001. The trial court granted defendant's motion to set aside the entry of default on 16 January 2002. Defendant moved for partial summary judgment on the grounds that plaintiffs' claims were barred by the statute of repose. On 6 May 2002, the trial court granted this motion and entered summary judgment in favor of defendant. Plaintiffs appealed.

## II. Issues

Plaintiffs contend that the trial court erred by granting: (1) defendant's motion to set aside entry of default; (2) summary judgment for defendant when this action was timely filed under the statute of repose; and (3) summary judgment when defendant was barred from asserting the statute of repose as a defense.

## III. Entry of Default

[1] Rule 55(d) of the North Carolina Rules of Civil Procedure gives the trial court discretion to set aside an entry of default for "good cause." N.C. Gen. Stat. § 1A-1, Rule 55(d) (2001). "A trial court's determination of 'good cause' to set aside an entry of default will not be disturbed on appeal absent an abuse of discretion." *Brown v. Lifford*, 136 N.C. App. 379, 382, 524 S.E.2d 587, 589 (2000).

Defendant informed the court of confusion regarding the attorney who would represent defendant. On the day the entry of default was

entered, defendant's attorney had informed plaintiffs' counsel that representation had been secured and defendant was prepared to file an answer. Defendant asserted that setting aside the entry of default would not prejudice plaintiffs since discovery had taken place during the dismissed 1999 action. Defendant also argued that plaintiffs knew that defendant would assert the statute of repose as a defense as it had previously done in 1999.

The court found that defendant showed "good cause" to set aside the entry of default. Entry of default is generally disfavored and any doubts concerning such entry "should be resolved in favor of setting aside an entry of default so that the case may be decided on its merits." *Peebles v. Moore*, 48 N.C. App. 497, 504-05, 269 S.E.2d 694, 698 (1980), *modified and aff'd*, 302 N.C. 351, 275 S.E.2d 833 (1981). Plaintiff failed to show the trial court abused its discretion in setting aside the entry of default. This assignment of error is overruled.

## IV.  Statute of Repose

### A.  Action Must Be Brought Within Six Years

[2] Plaintiffs argue that the statute of repose did not bar their claim. N.C. Gen. Stat. § 1-50(a)(5)(a) (2001) establishes the repose period for claims to recover damages to real property.

> No action to recover damages based upon or arising out of the defective or unsafe condition of an improvement to real property shall be brought more than six years from the later of the specific last act or omission of the defendant giving rise to the cause of action or substantial completion of the improvement.

"Substantial completion" is defined as "that degree of completion of a project . . . upon attainment of which the owner can use the same for the purpose for which it was intended." N.C. Gen. Stat. § 1-50(a)(5)(c) (2001). A house is substantially completed when it can be used for its intended purposes as a residence. *Bryant v. Don Galloway Homes, Inc.*, 147 N.C. App. 655, 659, 556 S.E.2d 597, 601 (2001).

In *Bryant*, our court considered an EIFS case with virtually identical facts to the case at bar. *Id.* We held that the trial court properly granted summary judgment for defendant when the plaintiff filed the action after residing in the house for six years, and more than six years after the certificate of compliance was issued, even though defendant had made subsequent repairs. *Id.* at 660, 556 S.E.2d at 602.

This Court stated that "to allow the statute of repose to toll or start running anew each time a repair is made would subject a defendant to potential open-ended liability for an indefinite period of time, defeating the very purpose of statutes of repose . . . ." *Id.* at 660, 556 S.E.2d at 601.

Statutes of repose are conditions precedent which must be specifically pled. *Id.* at 657, 556 S.E.2d at 600. Our Rules of Civil Procedure require that "[i]n pleading the performance or occurrence of conditions precedent, it is sufficient to aver generally that all conditions precedent have been performed or have occurred." N.C. Gen. Stat. § 1A-1, Rule 9(c) (2001). Plaintiffs have the burden of proving that their cause of action was brought within the period of the applicable statute of repose. *Tipton & Young Construction Co. v. Blue Ridge Structure Co.*, 116 N.C. App. 115, 118, 446 S.E.2d 603, 605 (1994), *aff'd*, 340 N.C. 257, 456 S.E.2d 308 (1995).

Here, plaintiffs' unverified complaint alleged that their action was timely filed within the limits prescribed by the statute of repose. Plaintiffs have not met their burden of proving this allegation. Alamance County issued a Certificate of Occupancy for the house in June 1993. Plaintiffs moved into the house in August 1993. Plaintiffs did not bring the first action against defendant until 15 October 1999, more than six years after the house was substantially completed and occupied as a residence. Plaintiffs' action was barred by the statute of repose. This assignment of error is overruled.

## B. Equitable Estoppel Bars the Defense

[3] In the alternative, plaintiffs contend that defendant was equitably estopped from asserting the statute of repose as a defense. When considering matters of equity, "the trial judge is in the best position to exercise this discretion. He hears the evidence, observes the witnesses, considers the arguments of counsel, and weighs and balances the equities." *A.E.P. Industries, Inc. v. McClure*, 308 N.C. 393, 419, 302 S.E.2d 754, 769 (1983) (Justice Martin dissenting, joined by Justices Copeland and Exum).

N.C. Gen. Stat. § 1-50(a)(5)(e) provides an exception to the statute of repose and forbids a party from asserting this defense when that party engaged in fraudulent or willful or wanton conduct. "Wilful and wanton negligence encompasses conduct which lies somewhere between ordinary negligence and intentional conduct. Negligence . . .

connotes inadvertence. Wantonness, on the other hand, connotes intentional wrongdoing. . . . Conduct is wanton when [done] in conscious and intentional disregard of and indifference to the rights and safety of others." *Cacha v. Montaco, Inc.*, 147 N.C. App. 21, 30-31, 554 S.E.2d 388, 394 (2001), *disc. rev. denied*, 355 N.C. 284, 560 S.E.2d 797 (2002) (citations omitted).

In their unverified complaint, plaintiffs' ninth claim for relief alleges willful and wanton conduct by defendant. Plaintiffs' complaint did not allege or plead fraud. Defendant argues that the trial court properly granted summary judgment because plaintiffs failed to produce any evidence to satisfy their burden regarding their allegation of willful and wanton conduct. Rule 56 of the North Carolina Rules of Civil Procedure states that summary judgment will be granted: "[i]f the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C. Gen. Stat. § 1A-1, Rule 56(c) (2001). Summary judgment is appropriate when the moving party establishes that the opposing party cannot produce evidence to support an essential element of the claim, cannot survive an affirmative defense, or that an essential element of the opposing party's claim does not exist. *Collingwood v. G.E. Real Estate Equities, Inc.*, 324 N.C. 63, 66, 376 S.E.2d 425, 427 (1989). By moving for summary judgment, a defendant may force a plaintiff to produce evidence which shows plaintiff's ability to establish a *prima facie* case. *Id.* All inferences of fact are construed in favor of the nonmoving party. *Id.*

Plaintiffs' complaint alleges that defendant's furnishing of materials and failure to follow manufacturer's specifications or Building Code requirements constitute more than ordinary negligence. We have held that "violation of the Code, standing alone, has been held by this Court to be insufficient 'to reach the somewhat elevated level of gross negligence.' " *Cacha*, 147 N.C. App. at 33, 554 S.E.2d at 395 (quoting *Bashford v. N.C. Licensing Bd. for General Contractors*, 107 N.C. App. 462, 467, 420 S.E.2d 466, 469 (1992)).

Plaintiffs offered an affidavit as evidence indicating that defendant made false representations of material facts. In David Moore's affidavit ("Moore"), he stated that in 1997 defendant promised that all windows and doors were inspected and properly flashed. Defendant assured plaintiffs that they should not experience any further prob-

MOORE v. F. DOUGLAS BIDDY CONSTR., INC.

[161 N.C. App. 87 (2003)]

lems. Moore stated in his affidavit that plaintiffs subsequently discovered that none of the windows or doors in the entire house had been flashed. Plaintiffs also offered Walter Strand's affidavit. Mr. Strand, a licensed professional engineer, performed an EIFS evaluation. His inspection showed that probing of the joints around doors and windows did not reveal the presence of any sealant, as required by the manufacturer. Instead, the EIFS was terminated around doors and windows by butting the EIFS laminate to the wood window and door frames. The report also noted the omission of or inadequate flashing throughout the house. Plaintiffs did not offer evidence regarding defendant's knowledge or experience with EIFS.

In granting summary judgment, the trial court considered these affidavits, along with other evidence. According to *A.E.P. Industries*, the trial court is in the best position to determine whether defendant should be equitably estopped from asserting the statute of repose as a defense. 308 N.C. at 419, 302 S.E.2d at 769. Plaintiffs' affidavits allege that defendant should be equitably estopped from asserting the statute of repose as a defense, but failed to show that defendant's actions constituted a "conscious and intentional disregard of . . . the rights and safety of others." *Cacha*, 147 N.C. App. at 31, 554 S.E.2d at 394. Plaintiffs failed to produce evidence to raise a genuine issue of material fact to survive summary judgment. The trial court did not abuse its discretion in granting summary judgment. Defendant was not barred from asserting the statute of repose as a defense. This assignment of error is overruled.

### C. Requests for Admission

[4] Plaintiffs argue that defendant's untimely response to their Requests for Admission constituted an admission of all matters set forth in the requests and conclusively established that plaintiffs' claims were brought prior to the expiration of the statute of repose. The North Carolina Rules of Civil Procedure state that once a party has been served with written requests for admission:

[t]he matter is admitted unless, within 30 days after service of the request, or within such shorter or longer time as the court may allow, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter . . . a defendant shall not be required to serve answers or objections before the expiration of 60 days after service of the summons and complaint upon him.

**MOORE v. F. DOUGLAS BIDDY CONSTR., INC.**

[161 N.C. App. 87 (2003)]

N.C. Gen. Stat. § 1A-1, Rule 36(a) (2001) ("Rule 36(a)"). Our Rules also allow parties to make a motion for extension of time. "[T]he court for cause shown may at any time in its discretion with or without motion or notice order the period enlarged if request therefor is made before the expiration of the period originally prescribed . . . ." N.C. Gen. Stat. § 1A-1, Rule 6(b) (2001).

Here, defendant was served the complaint together with the Requests for Admission on 13 June 2001. Rule 36(a) provided defendant sixty days from this date to respond or until 13 August 2001. On 13 July 2001, the court granted defendant's timely motion for extension of time giving him "an additional 30 days" to respond. Defendant prepared the order which stated defendant "is given an additional 30 days, or to August 27, 2001 within which to respond to plaintiffs' discovery requests." The clerk crossed out "27" and wrote in "13" making the order read "or to August 13, 2001."

By changing this date, the clerk created an inconsistency on the face of the order. Under Rule 36(a) and prior to filing the motion for extension of time, defendant was allowed sixty days, or until 13 August 2001 to respond to plaintiffs' requests for admission. The order reflects the court's intent to grant defendant's motion for extension of time and to allow defendant "an additional 30 days" to respond.

"A judgment must be construed in light of the situation of the court, what was before it, and the accompanying circumstances. Judgments should be liberally construed so as to make them serviceable instead of useless." *Watkins v. Smith*, 40 N.C. App. 506, 510, 253 S.E.2d 354, 356-57 (1979). In accordance with N.C.R. Civ. P. 6(b), Defendant had filed a motion for extension of time to answer plaintiffs' complaint on 6 July 2001. The trial court granted this motion on 9 July 2001, giving defendant until 13 August 2001 to answer. On 13 July 2001, four days after receiving an extension of time to answer plaintiffs' complaint, defendant filed a *separate and distinct motion* for extension of time to respond to plaintiffs' requests for admission. By filing a separate motion, defendant sought and was granted an additional thirty days beyond 13 August 2001, the date on which responses were originally due under Rule 36(a).

The change of date to "August 13, 2001" was mere surplusage. Giving that date precedence over the "additional 30 days" ordered by the court would create a nullity, rendering the order "useless."

**MOORE v. F. DOUGLAS BIDDY CONSTR., INC.**

[161 N.C. App. 87 (2003)]

*Watkins*, 40 N.C. App. at 510, 253 S.E.2d at 356-57; *see also State v. Freeman*, 314 N.C. 432, 435-36, 333 S.E.2d 743, 745-46 (1985) (holding that language in an indictment following the words "committing a felony" is "mere harmless surplusage and may properly be disregarded in passing upon its validity."); *Hodges v. Hodges*, 257 N.C. 774, 780, 127 S.E.2d 567, 572 (1962) (trial court made a "finding of fact" that "plaintiff failed to show by clear, cogent and convincing evidence . . . ." The Supreme Court held that "clear, cogent and convincing evidence" was mere surplusage because it is unnecessary and "no other conclusion was logically possible . . . ."); *Bailey v. Gooding*, 60 N.C. App. 459, 462, 299 S.E.2d 267, 271 (1983) (trial court applied the correct test in Rule 55(d) of "good cause," so that the reference to "Rule 60(b)" in the order "was surplusage and does not require reversal of the order denying defendants' motion to set aside entry of default.").

The court's order granted defendant an extension of "an additional 30 days" from the original sixty days he had under Rule 36(a) and allowed defendant to file his responses by 13 September 2001. Defendant timely filed his responses on 31 August 2001. Defendant's response denied plaintiffs' Request for Admission Number Six: "[t]hat this lawsuit has been brought within the applicable period of the relevant Statute of Limitations and Statute of Repose." Defendant timely filed his response and was not barred from asserting the statute of repose as a defense. This assignment of error is overruled.

### V.  Conclusion

Plaintiffs did not file their action until more than six years after the house was substantially completed and are barred by the statute of repose. Defendant was not estopped from asserting this defense. The trial court did not abuse its discretion in setting aside the entry of default. Summary judgment for defendant is affirmed.

Affirmed.

Judges TIMMONS-GOODSON and LEVINSON concur.