VOGL v. LVD CORP.

[132 N.C. App. 797 (1999)]

---

BRUCE VOGL, PLAINTIFF v. LVD CORPORATION, KRAUSS EQUIPMENT CORPORA-
TION, INC. D/B/A HURCO COMPANIES INC. D/B/A HURCO MANUFACTURING
CO., INC., DEFENDANTS

No. COA98-673

(Filed 6 April 1999)

1. **Statute of Limitations— statute of repose—products liability—date of purchase of particular product—evidence insufficient**

Summary judgment was properly granted for defendants based on the statute of repose in an action arising from injuries suffered by plaintiff while using a press brake with an allegedly defective flip-finger assembly. The statute of repose required plaintiff to institute suit within six years from the installation of the defective flip fingers in the press brake that crushed his fingers. The trial court found that the plaintiff's evidence was insufficient to prove that any of the flip fingers purchased within the applicable time period were used in this press brake on the day of the accident.

2. **Statute of Limitations— statute of repose—industrial accident—products liability**

The trial court did not err by granting summary judgment for defendant Hurco based on the statute of repose in a negligence action arising from plaintiff's fingers being crushed in an industrial accident. Although plaintiff contended that his action was

within the statute of limitations of N.C.G.S. § 1-52 because defendant had visited the factory for service on 7 January 1994 and the action was brought on 24 March 1996, an action for the recovery of personal injury for products liability must be brought within six years of the date of purchase under N.C.G.S. § 1-50(6). The generality of the language in that statute indicates that the legislature intended to cover the multiplicity of claims that can arise out of a defective product.

Appeal by plaintiff from judgment entered on 14 August 1997 by Deramus, J., in Superior Court, Mecklenburg County. Heard in the Court of Appeals 22 February 1999.

*Cox, Gage & Sasser by Charles McB. Sasser and Michael Weinberger for plaintiff.*

*Hedrick, Eatman, Garner & Kincheloe, L.L.P. by Hatcher Kincheloe and Sara R. Lincoln for defendants.*

WYNN, Judge.

On 23 March 1995, plaintiff Bruce Vogl as an employee of Sheet Metal Specialties worked on a press brake manufactured by LVD Corporation ("LVD") when the material that he was handling mis-gaged causing his hand to go into the machine. The resulting crushing injury led to the amputation of four fingers.

Defendant Hurco Companies, Inc. manufactured and sold the material-position gage which is a component part of the press brake installed at the same time as the machine. The material-position gage contained a non-permanent part called the flip-finger assembly ("flip finger") which could be removed from the machine without interrupting its use.

Defendant Krauss Equipment, Inc. sold that press brake to Sheet Metal Specialties in 1988 with a final installation date of February 1989.

On 24 May 1996, Vogl brought an action for personal injury against LVD, Krauss Equipment, and Hurco Companies in Superior Court, Mecklenburg County. However, the trial judge found that North Carolina's six-year statute of repose barred his actions against LVD and Krauss.

VOGL v. LVD CORP.

[132 N.C. App. 797 (1999)]

In the remaining action against Hurco, Vogl alleged that the flip-finger assembly was defective because its contact area was too small to prevent misgaging. He alleged that Hurco negligently failed to correct and cure this defect during its repair trips to Sheet Metal Specialties in 1991, 1993, and 1994.

On 14 August 1997, the trial judge summarily adjudged that the statute of repose likewise barred Vogl's action against Hurco. Afterwards, the trial court denied Vogl's motion for alteration or reconsideration of the judgment under North Carolina Civil Procedure Rules 52, 59, and 60. This appeal followed.

Preliminarily, we exercise our discretion under Rule 2 of the North Carolina Rules of Appellate Procedure and address the merits of this appeal rather than act upon the procedural violations alleged by Hurco. We note that Vogl timely appealed since his post-judgment motions tolled the appeal filing time.

---

[1] Vogl first contends that the following issues of fact precluded summary judgment based on the statute of repose: (1) whether the purchase date of the defective flip fingers was within this repose period, and (2) whether the flip fingers were used on the day of the accident. We disagree.

"A statute of repose is a substantive limitation, and is a condition precedent to a party's right to maintain a lawsuit." *Tipton & Young Constr. Co. v. Blue Ridge Structure Co.*, 116 N.C. App. 115, 117, 446 S.E.2d 603, 605 (1994). Therefore,

[i]f the action is not brought within the specified period, the plaintiff 'literally has no cause of action. . . . '

*Id.* at 117-118, 446 S.E.2d at 605 (quoting *Boudreau v. Baughman*, 322 N.C. 331, 341, 368 S.E.2d 849, 857 (1988)).

North Carolina's statute of repose provides that "[n]o action for the recovery of damages for personal injury, death, or damage to property based upon or arising out of any alleged defect or any failure in relation to a product shall be brought more than six years after the date of initial purchase for use or consumption." N.C. Gen. Stat. § 1-50(6) (1995). Applied to the subject case, our statute of repose required Vogl to institute suit within six years from the installation of the defective flip fingers in the press brake that crushed Vogl's fingers.

In moving for summary judgment, Hurco presented evidence showing that the defective flip fingers used in the press brake the day of the accident were the original flip fingers sold with the machine in 1988 thereby invoking the commencement of the statute of repose no later than the final installation in February 1989. In support of this contention, it presented Vogl's deposition testimony that photographs of the 1988 flip fingers looked like what was used on the machine the day of the accident. Vogl also testified that he never used a flip finger that looked any different from the one presented to him during his deposition. Moreover, Hurco presented the affidavit of its employee Michael Trisler who stated that the flip fingers sold in 1988 looked different from the flip fingers sold after December 1993.

In opposition, Vogl referred to specific portions of the deposition testimony of Ervin John Hufstickler, his supervisor who set up the press brake on the day of the accident, including: (1) that after Hufstickler came to work in August 1993, Sheet Metal Specialties purchased four flip fingers; (2) the flip fingers are interchangeable among the three press machines at Sheet Metal Specialties; and (3) that Sheet Metal Specialties had a total of eight to ten flip fingers. Vogl also presented the affidavits of two expert witnesses who concluded that the flip fingers on the press machine were no more than two to three years old at the time of the accident.

"Whether a statue of repose has expired is a question of law." *Chicopee, Inc. v. Sims Metal Works, Inc.*, 98 N.C. App. 423, 426, 391 S.E.2d 211, 213 (1990). In making this determination, the trial court found Vogl's evidence insufficient to prove that any of the flip fingers purchased after 1993 were used in the press machine on the day of the accident. We find no impropriety in the trial court's assessment.

Here, Hufstickler's deposition did not provide a purchase date for the flip fingers involved in the accident. Additionally, he could not specify the date that the additional four flip fingers were purchased and according to his testimony only two of the new flip fingers were received prior to the accident. Furthermore, the expert witnesses in reaching their conclusions merely relied on: (1) witness testimony that the flip fingers "break, get loose, wobble, and are meant to be replaced" and (2) the testimony that at least four additional flip fingers were purchased after the press brake's final installation.

Given that the flip fingers are used interchangeably between the three press machines, Sheet Metal Specialities' purchase of four flip

fingers after 1993 does not establish that the new flip fingers were actually used in Vogl's machine on the day of the accident. This evidence is speculative at best that the defective flip fingers used in Vogl's machine were purchased after the press brakes' final installation. Therefore, Vogl failed to meet its burden of showing that there is a genuine issue of material fact as to whether his action was brought within the six year limit under the statute of repose.

[2] Next, Vogl asserts that the trial court erred in granting summary judgment on his negligence claim because N.C. Gen. Stat. § 1-52 provides that a claimant has three years from the time in which bodily harm becomes apparent to bring an action as long as this time frame is not more than ten years from the defendant's last act giving rise to the cause of action. *See* N.C. Gen. Stat. § 1-52 (1991). Since his injury occurred on 23 March 1995 and Hurco visited Sheet Metal Specialties for service on 7 January 1994, Vogl contends that he timely brought his action on 24 March 1996.

However, an action for the recovery of personal injury for a products liability action must be brought within six years after the date of initial purchase for use. See N.C.G.S. § 1-50(6). Under N.C. Gen. Stat. § 99B-1(3), a

> [p]roduct liability action includes any action brought for or on account of personal injury . . . caused by or resulting from the manufacture, construction, design, formulation, development of standards, preparation, processing, assembly, testing, listing, certifying, warning, instructing, marketing, selling, advertising, packaging or labeling or any product.

N.C. Gen. Stat. § 99B-1(3) (1995).

Although the issue at hand has not been addressed previously by our Courts, we are guided by similar cases regarding the scope of the statute of repose for products liability actions.

For instance, in *Davidson v. Volkswagenwerk*, 78 N.C. App. 193, 336 S.E.2d 714 (1985), this Court held that the statute of repose applies where a defendant negligently failed to warn a plaintiff of an alleged defect in an automobile manufactured by the defendant. Similarly, in *Colony Hill Condominium I Assoc. v. Colony Co.*, 70 N.C. App. 390, 320 S.E.2d 273 (1984), we held that plaintiff's array of claims against defendant manufacturers of a prefabricated fireplace including a breach of implied warranty of merchantability, breach of implied warranty of fitness for a particular purpose, breach of

express warranty, failure to warn, and negligence in the design of the fireplace were based upon or arose out of an alleged defect of a product. Significantly in that case, we commented that "[t]he generality of the language in Section 1-50(6) indicates that the legislature intended to cover the multiplicity of claims that can arise out of a defective product." *Id.* at 396, 320 S.E.2d at 277; *see also Lindsay v. Public Serv. Co. of North Carolina,* 725 F. Supp. 278 (1989) (holding that a manufacturer's failure to warn of a product's defect was within the purview of the statute of repose).

Following this guidance, we conclude that Vogl's negligence claim against Hurco falls within the purview of the statute of repose and is therefore, timely barred.

Affirmed.

Chief Judge EAGLES and Judge EDMUNDS concur.