JAMES WOOD AND WIFE, PAT WOOD, PLAINTIFFS v. BD&A CONSTRUCTION, L.L.C., AND BD&A REALTY & CONSTRUCTION, INC., AND BOB DeGABRIELLE & ASSOCIATES, INC., DEFENDANTS

No. COA03-1296

(Filed 7 September 2004)

**Statutes of Limitation and Repose— construction of home— fraud—willful or wanton negligence—equitable estoppel**

The trial court did not err by granting defendants' motion to dismiss claims for breach of warranties, breach of implied warranty, negligence, negligent misrepresentation, breach of contract, and unfair and deceptive trade practices in the construction of a home based on expiration of the statute of repose under N.C.G.S. § 1-50(a)(5), because: (1) plaintiffs' complaint failed to allege fraud, which must be pled with particularity, to support application of N.C.G.S. § 1-50(a)(5)(e); (2) plaintiffs' complaint failed to allege willful or wanton negligent to support application of N.C.G.S. § 1-50(a)(5)(e); and (3) plaintiffs have not sufficiently alleged equitable estoppel when the cause of delay in filing the instant action was not defendants' representations that it had addressed the window problem, but rather plaintiffs' delay in discovering the other defects in the home.

Appeal by plaintiffs from order entered 1 August 2003 by Judge Dwight L. Cranford in Dare County Superior Court. Heard in the Court of Appeals 27 May 2004.

**WOOD v. BD&A CONSTR., L.L.C.**

[166 N.C. App. 216 (2004)]

*C. Everett Thompson, II, for plaintiff-appellants.*

*Poyner & Spruill, LLP, by J. Nicholas Ellis and Gregory S. Camp, for defendant-appellees.*

THORNBURG, Judge.

Plaintiffs are the owners of a house and lot in Manteo, North Carolina. In 1995, plaintiffs contracted with defendants for the design and construction of the house. The house was substantially completed and certificates for occupancy were issued in April 1996.

Shortly after plaintiffs occupied the home, water intrusion leaks began to appear at various locations on the walls and around the windows and doors of the house. One of the major leaks involved water getting around the deck flashing and running down the inside and outside of the sheathing in one corner of the house. Defendants repaired this defect. Plaintiffs also experienced leaks around the windows of the master bedroom and the great room and two sliding doors. Defendants notified plaintiffs that there were problems with the Andersen windows in the house, which defendants felt might be the source of the continued leaks. The Andersen windows were replaced in early 1997.

In August 2002, plaintiffs undertook some maintenance to the house and discovered construction defects and damage to the house as a result of water intrusion. On 11 February 2003, plaintiffs filed the instant action alleging that the defects in the house resulted from latent defects in the design and construction of the house by defendants. Plaintiffs brought claims for breach of warranties, breach of implied warranty, negligence, negligent misrepresentation, breach of contract and unfair and deceptive trade practices. On 6 March 2003, defendants moved to dismiss the plaintiffs' complaint pursuant to N.C. Gen. Stat. § 1A-1, Rule 12(b)(6), asserting that plaintiffs' claims were barred by the applicable statutes of limitations and statutes of repose. The trial court granted defendants' motion to dismiss due to the expiration of the statute of repose found in N.C. Gen. Stat. § 1-50. Plaintiffs appeal.

Plaintiffs argue on appeal: (1) that the statute of limitations has not expired as the claim was not discovered until less than a year before the action was commenced; (2) that the defendants are equitably estopped from raising either the statutes of limitations or the statute of repose; and (3) that the statute of repose in N.C. Gen. Stat.

**WOOD v. BD&A CONSTR., L.L.C.**

[166 N.C. App. 216 (2004)]

§ 1-50 does not apply as defendants' actions constituted fraud or willful or wanton negligence.

"In our review of the trial court's dismissal of this action pursuant to N.C. Gen. Stat. § 1A-1, Rule 12(b)(6), we must consider the allegations of the plaintiffs' complaint as true." *Arroyo v. Scottie's Professional Window Cleaning*, 120 N.C. App. 154, 155, 461 S.E.2d 13, 14 (1995), *disc. review improvidently allowed*, 343 N.C. 118, 468 S.E.2d 58 (1996). "A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of a complaint by presenting 'the question of whether, as a matter of law, the allegations of the complaint, treated as true, are sufficient to state a claim upon which relief can be granted under some [recognized] legal theory.' " *Cage v. Colonial Building Co.*, 337 N.C. 682, 683, 448 S.E.2d 115, 116 (1994) (quoting *Lynn v. Overlook Dev.*, 328 N.C. 689, 692, 403 S.E.2d 469, 471 (1991)) (alteration in original). A motion should be granted if it appears to a certainty that a plaintiff is entitled to no relief under any set of facts which could be proved in support of the claim. *Cage*, 337 N.C. at 683, 448 S.E.2d at 116.

The applicable statute of repose is found in N.C. Gen. Stat. § 1-50(a)(5), which provides in part:

> No action to recover damages based upon or arising out of the defective or unsafe condition of an improvement to real property shall be brought more than six years from the later of the specific last act or omission of the defendant giving rise to the cause of action or substantial completion of the improvement.

N.C. Gen. Stat. § 1-50 (a)(5)(a) (2003). This statute "is designed to limit the potential liability of architects, contractors, and perhaps others in the construction industry for improvements made to real property." *Lamb v. Wedgewood South Corp.*, 308 N.C. 419, 427-28, 302 S.E.2d 868, 873 (1983). Plaintiffs have the burden of proving that their cause of action was brought within the period of the applicable statute of repose. *Tipton & Young Construction Co. v. Blue Ridge Structure Co.*, 116 N.C. App. 115, 118, 446 S.E.2d 603, 605 (1994).

Plaintiffs' complaint alleges that the house was substantially complete in April 1996. This action was not filed until 11 February 2003, more than six years since the substantial completion of the house. The statute of repose would clearly apply in this case, though plaintiffs argue that defendants are precluded from relying on the

statute of repose by virtue of N.C. Gen. Stat. § 1-50(a)(5)(e). N.C. Gen. Stat. § 1-50(a)(5)(e) provides:

> The limitation prescribed by this subdivision shall not be asserted as a defense by any person who shall have been guilty of fraud, or willful or wanton negligence in furnishing materials, in developing real property, in performing or furnishing the design, plans, specifications, surveying, supervision, testing or observation of construction, or construction of an improvement to real property, or a repair to an improvement to real property, or to a surety or guarantor of any of the foregoing persons, or to any person who shall wrongfully conceal any such fraud, or willful or wanton negligence.

N.C. Gen. Stat. § 1-50(a)(5)(e) (2003). Plaintiffs argue that their complaint alleges that defendants engaged in fraud or willful or wanton negligence, and thus that defendants cannot rely on the protection of the statute of repose. However, plaintiffs' complaint, in fact, failed to allege fraud, which must be plead with particularity. Thus, we find no error by the trial court in declining to apply N.C. Gen. Stat. § 1-50(a)(5)(e) to the instant case based on fraud.

We further hold that plaintiffs' complaint failed to allege willful or wanton negligence to support the application of N.C. Gen. Stat. § 1-50(a)(5)(e).

> "Negligence . . . connotes inadvertence. Wantonness, on the other hand, connotes intentional wrongdoing . . . . Conduct is wanton when in conscious and intentional disregard of and indifference to the rights and safety of others." Stated otherwise, " '[a]n act is wanton when it is done of wicked purpose . . .,' " and wilful negligence is the "deliberate purpose not to discharge some duty necessary to the safety of the person or property of another."

*Cacha v. Montaco, Inc.*, 147 N.C. App. 21, 31, 554 S.E.2d 388, 394 (2001), *cert. denied*, 355 N.C. 284, 560 S.E.2d 797 (2002) (internal citations omitted). In their complaint, plaintiffs never allege wanton negligence, only negligence and negligent misrepresentation, and make no assertions of intentional wrongdoing. Plaintiffs' assignment of error as to the trial court's failure to apply N.C. Gen. Stat. § 1-50(a)(5)(e) on the basis of willful and wanton negligence by the defendants fails as well.

Plaintiffs further argue that defendants should be equitably estopped from asserting the statute of repose as a defense. A party

may be estopped from pleading and relying on a statute of limitations defense when delay has been induced by acts, representations, or conduct which would amount to a breach of good faith. *Nowell v. Tea Co.*, 250 N.C. 575, 108 S.E.2d 889 (1959). Equitable estoppel may also defeat a defendant's statute of repose defense. *One North McDowell Assn. v. McDowell Development Co.*, 98 N.C. App. 125, 389 S.E.2d 834, *disc. review denied*, 327 N.C. 432, 395 S.E.2d 686 (1990).

In their brief, plaintiffs argue that defendants' act of blaming the leaks on the Andersen windows amounted to a breach of good faith and thus equitably estops the defendants from relying on the statute of repose as a defense. Plaintiffs made the following allegations in their complaint regarding the Andersen windows:

13. Defendants, through Eric Avery, notified the Plaintiffs that they had discovered a serious problem with the Andersen windows in their new home at 38 Hammock Drive, Manteo, Dare County, North Carolina which, they felt, might be the source of the continued leaks. Defendants arranged with Andersen windows to have all the double hung windows repaired.

14. Defendants, by and through their president E. Andrew Keeney, notified Plaintiffs by letter dated May 15, 1997, a copy of which letter is attached hereto as "Exhibit A," explaining that the difficulties and problems Plaintiffs were experiencing were caused by and as a result of defects in the Andersen windows installed in Plaintiffs' home.

. . . .

39. The Defendants' misrepresentations include, on information and belief, that the home constructed by them would be of the highest quality, moisture resistant, low maintenance and cost efficient; that the Defendants had mechanisms in place to monitor Plaintiffs home for construction defects, including prospective leaks, so as to always protect the owners' investment in the property; that the leaks had been repaired and remedied; and that the manufacturers' and third parties and not Defendants were to blame for leaks at Plaintiffs' home.

40. Defendants made these representations knowing them to be false or without regard to whether they were true or negligent, to induce Plaintiffs to rely and act thereon and Plaintiffs did rely and act upon the misrepresentations to their damage.

We note that the letter referred to in paragraph 14 as "Exhibit A" is not included in the record on appeal, and thus is not included in our evaluation of whether plaintiffs effectively pled equitable estoppel.

> Actual fraud, bad faith, or an intent to mislead or deceive is not essential to invoke the equitable doctrine of estoppel. It is not necessary that there be misrepresentations of existing facts, as in fraud. If the debtor makes representations which mislead the creditor, who acts upon them in good faith, to the extent that he fails to commence his action in time, estoppel may arise. The tolling of the statute may arise from the honest but entirely erroneous expression of opinion as to some significant legal fact. Equity will deny the right to assert the defense of the statute of limitations when delay has been induced by acts, representations, or conduct, the repudiation of which would amount to a breach of good faith.

*Duke University v. Stainback*, 320 N.C. 337, 341, 357 S.E.2d 690, 692-93 (1987) (internal citations omitted). In order for equitable estoppel to bar application of the statute of repose, a plaintiff must have been induced to delay filing of the action by the conduct of the defendant that amounted to the breach of good faith.

In *Nowell*, plaintiffs hired defendant contractor to construct a building that plaintiffs then leased to a third party, Great Atlantic & Pacific Tea Co. *Nowell*, 250 N.C. at 576, 108 S.E.2d at 889. After plaintiffs experienced problems with the building, defendant assured plaintiffs that he would perform any necessary correction to the building in the future due to re-occurring problems in his construction work. *Id.* at 578, 108 S.E.2d at 891. The plaintiffs entered possession of the building, and after the statute of limitations had run, defendant refused to assume further responsibility or correct plaintiffs' continuing problems with the building. *Id.* The North Carolina Supreme Court concluded that plaintiffs had effectively pled equitable estoppel and that plaintiffs "relied upon the promise and did not sue while efforts to correct the structural errors were under way. The appellant [defendant], by its promises, invited the delay and should not complain that the invitation was accepted." *Id.* at 579, 108 S.E.2d at 891.

In the instant case, plaintiffs alleged that they told defendants that they "continued to experience water leakage evidenced below the edges of the windows in the master bedroom on the north side and the windows of the great room also on the north side." The plain-

IN RE J.A.O.

[166 N.C. App. 222 (2004)]

tiffs then alleged that the defendants told them that the Andersen windows were the cause of the leaks and defendants then replaced the windows. Plaintiffs make no allegations as to the condition of the house between the replacement of the windows in 1997 until the plaintiffs discovered other problems in 2002. On the face of plaintiffs' complaint, it appears that defendants remedied the problem with leaking below the windows that plaintiffs complained of in 1996 and 1997. The cause of delay in filing in the instant action was not the defendants' representations that it had addressed the window problem, but rather the plaintiffs' delay in discovering the other defects in the home. As there are no allegations as to how plaintiffs' reliance on the particular representations regarding the Andersen windows prevented them from filing suit within the applicable statute of repose, we find that plaintiffs have not sufficiently alleged equitable estoppel. See *Jordan v. Crew*, 125 N.C. App. 712, 720, 482 S.E.2d 735, 739, *disc. review denied*, 346 N.C. 279, 487 S.E.2d 548 (1997). Plaintiffs' assignment of error fails.

Due to our conclusion that plaintiffs have not alleged fraud, willful or wanton negligence or equitable estoppel, and consequently that the statute of repose bars plaintiffs' claims in this action, we do not address plaintiffs' argument regarding the statute of limitations. The trial court correctly granted the defendants' motion to dismiss.

Affirmed.

Judges HUDSON and GEER concur.