JOEL KENNEDY, Plaintiff-Appellant v. SPEEDWAY MOTORSPORTS INC., CHARLOTTE MOTOR SPEEDWAY, INC., doing business as LOWE'S MOTOR SPEEDWAY or LOWE'S HOME IMPROVEMENT WAREHOUSE MOTOR SPEEDWAY, and CHARLOTTE MOTOR SPEEDWAY, LLC., Defendants-Appellees; DAVID AND DENISE PROSSER, Plaintiffs-Appellants v. SPEEDWAY MOTORSPORTS INC., CHARLOTTE MOTOR SPEEDWAY, INC., doing business as LOWE'S MOTOR SPEEDWAY or LOWE'S HOME IMPROVEMENT WAREHOUSE MOTOR SPEEDWAY, and CHARLOTTE MOTOR SPEEDWAY, LLC., Defendants-Appellees; MARK NASH, Plaintiff-Appellant v. SPEEDWAY MOTORSPORTS INC., CHARLOTTE MOTOR SPEEDWAY, INC., doing business as LOWE'S MOTOR SPEEDWAY or LOWE'S HOME IMPROVEMENT WAREHOUSE MOTOR SPEEDWAY, and CHARLOTTE MOTOR SPEEDWAY, LLC., Defendants-Appellees; JERRY STEPHENS, Plaintiff-Appellant v. SPEEDWAY MOTORSPORTS INC., CHARLOTTE MOTOR SPEEDWAY, INC., doing business as LOWE'S MOTOR SPEEDWAY or LOWE'S HOME IMPROVEMENT WAREHOUSE MOTOR SPEEDWAY, and CHARLOTTE MOTOR SPEEDWAY, LLC., Defendants-Appellees

No. COA05-1369

No. COA05-1370

No. COA05-1371

No. COA05-1372

(Filed 5 July 2006)

**Statutes of Limitation and Repose— statute of repose—owner exception**

The trial court did not err in a negligence and breach of contract action arising out of the collapse of a pedestrian walkway by dismissing plaintiffs' third-party beneficiary claims under N.C.G.S. § 1A-1, Rule 12(b)(6) based on the statute of repose

under N.C.G.S. § 1-50(5) even though plaintiffs assert there is an applicable exception under N.C.G.S. § 1-50(a)(5)(d) where defendant as owner of the Speedway knew or ought reasonably to have known of the defect in the walkway, because: (1) plaintiffs cite no authority factually comparable to the present cases in which liability for acts and omissions is equated to imputation of knowledge as a matter of law; (2) defendant Speedway's liability for the acts and omissions of Tindall (the designer and manufacturer of the prestressed concrete double tees used to construct the walkway) do not necessarily translate into an imputation of Tindall's knowledge; and (3) defendant is not collaterally estopped from asserting the statute of repose since it is separate from the issue of liability, and defendant has not previously litigated the statute of repose.

Appeals by plaintiffs from orders entered 25 May 2005 by Judge W. Erwin Spainhour in Superior Court, Mecklenburg County. Heard in the Court of Appeals 12 April 2006. As the issues presented by plaintiffs' appeals involve common questions of law, we have consolidated the appeals for decision. N.C.R. App. P. 40.

*Wilson & Iseman, LLP, by G. Gray Wilson, Kevin B. Cartledge and C. Shawn Christenbury, for plaintiffs-appellants.*

*Parker Poe Adams & Bernstein, L.L.P., by David N. Allen and Lori R. Keeton, for defendants-appellees.*

McGEE, Judge.

A portion of a pedestrian walkway (walkway) at Lowe's Motor Speedway collapsed on 20 May 2000. As a result of the walkway collapse, approximately one hundred people filed suit against, *inter alios*, Speedway Motor Sports, Inc., Charlotte Motor Speedway, Inc., and Charlotte Motor Speedway, LLC (collectively the Speedway), and against Tindall Corporation (Tindall). *See In re Pedestrian Walkway Failure*, 173 N.C. App. 237, 240, 618 S.E.2d 819, 822 (2005). Pursuant to Rule 2.1 of the General Rules of Practice for the Superior and District Courts, each case related to the walkway collapse was designated an "exceptional" case, and each case was assigned to be heard by Superior Court Judge W. Erwin Spainhour (Judge Spainhour). *Id.*

Plaintiffs each filed suit on 20 May 2003 against the Speedway, Tindall, and Anti-Hydro International (Anti-Hydro). Thereafter, plaintiffs voluntarily dismissed their actions without prejudice in open

court on or about 2 October 2003, and filed formal dismissals on 6 October 2003.

Plaintiffs re-filed their actions on 1 October 2004. Plaintiffs' new actions were filed against the Speedway only. Plaintiffs alleged that the Speedway was negligent and breached a contract of which plaintiffs were third-party beneficiaries. In its answers to plaintiffs' complaints, the Speedway pled "all applicable statutes of limitations and statutes of repose." The Speedway moved to dismiss plaintiffs' complaints pursuant to N.C. Gen. Stat. § 1A-1, Rule 12(b)(6), asserting that plaintiffs' claims were time-barred. After receiving briefs and hearing arguments, Judge Spainhour granted the Speedway's motions to dismiss, finding that plaintiffs' claims were barred by the statute of repose set forth in N.C. Gen. Stat. § 1-50(5), and by the statute of limitations set forth in N.C. Gen. Stat. § 1-52. Plaintiffs appeal.

Standard of Review

In reviewing a trial court's dismissal pursuant to Rule 12(b)(6), the question before our Court is "whether, if all the plaintiff's allegations are taken as true, the plaintiff is entitled to recover under some legal theory." *Toomer v. Garrett*, 155 N.C. App. 462, 468, 574 S.E.2d 76, 83 (2002), *disc. review denied*, 357 N.C. 66, 579 S.E.2d 576 (2003). Rule 12(b)(6) "generally precludes dismissal except in those instances where the face of the complaint discloses some insurmountable bar to recovery." *Energy Investors Fund, L.P. v. Metric Constructors, Inc.*, 351 N.C. 331, 337, 525 S.E.2d 441, 445 (2000) (internal quotation and citation omitted).

> Dismissal is proper, however, "when one of the following three conditions is satisfied: (1) the complaint on its face reveals that no law supports the plaintiff's claim; (2) the complaint on its face reveals the absence of facts sufficient to make a good claim; or (3) the complaint discloses some fact that necessarily defeats the plaintiff's claim."

*Newberne v. Department of Crime Control & Pub. Safety*, 359 N.C. 782, 784, 618 S.E.2d 201, 204 (2005) (quoting *Wood v. Guilford Cty.*, 355 N.C. 161, 166, 558 S.E.2d 490, 494 (2002)).

Applying this standard of review, we treat the allegations in plaintiffs' complaints as true. These allegations include that in 1995, the Speedway caused the walkway to be constructed. The walkway extended from the Speedway parking lot to the Speedway race track, and crossed over U.S. Highway 29. The Speedway acted as general

contractor for the construction of the 320-foot walkway, which was constructed of prestressed concrete poured over stretched steel cables. Since the walkway crossed over U.S. Highway 29, the Speedway entered into a "Right of Way Encroachment Agreement" (encroachment agreement) with the North Carolina Department of Transportation (DOT). In the encroachment agreement, the Speedway agreed to install and maintain the walkway in a safe and proper condition, and agreed that materials and workmanship for the walkway would conform to DOT's standards and specifications. DOT entered into the encroachment agreement for the purpose of protecting pedestrians on the walkway, as well as persons and vehicles traveling underneath on U.S. Highway 29. Plaintiffs attended a NASCAR event at the Speedway on 20 May 2000. While plaintiffs were crossing the walkway to reach the parking lot after the event, an eighty-foot section of the walkway collapsed onto U.S. Highway 29, approximately twenty-five feet below. As a result of the collapse, plaintiffs suffered severe and painful injuries, some of which were permanent.

It is further uncontested that Tindall designed and manufactured the prestressed concrete double tees (tees) used to construct the walkway. Tindall added an Anti-Hydro product to the grout used to fill the "pushdown holes" in the tees. The Anti-Hydro product contained calcium chloride. Calcium chloride in the grout caused the steel in the tees to corrode and the walkway to collapse on 20 May 2000.

## Prior rulings adopted by Judge Spainhour

The parties stipulated that "the verdict, and all other liability rulings, entered in the Arthur M. Taylor, et al. v. Speedway Motorsports, Inc., et al. action (01 CVS 12107, in the General Court of Justice, Superior Court Division, Mecklenburg County, North Carolina) [the Taylor case] were intended to be, and are adopted and applicable in [these cases]."

By order filed 8 September 2003, Judge Spainhour adopted all liability determinations rendered by the jury in the Taylor case. The following three liability determinations from the Taylor case are relevant to the present cases. In the Taylor case, the jury determined that the plaintiffs: (1) were not injured by the negligence of the Speedway, (2) were injured by the negligence of Tindall, and (3) as third-party beneficiaries of the encroachment agreement between the Speedway and DOT, were injured as a result of the Speedway's breach of the encroachment agreement.

· In addition, prior to the Taylor case, Judge Spainhour adopted certain rulings and liability determinations from prior, consolidated walkway collapse cases, and made those rulings "binding on all similar claims, causes of action or defenses raised in any case which has been assigned to the undersigned Judge pursuant to Rule 2.1 . . . and is included within the consolidated litigation." Because the Taylor case was assigned to Judge Spainhour pursuant to Rule 2.1 and included within the consolidated litigation, the following liability rulings were incorporated into the Taylor case and therefore are binding on the present cases: (1) Judge Spainhour's ruling in case number 00-CVS-17519 (the Malesich case) that the Speedway was liable for the acts and omissions of Tindall with respect to the construction of the walkway; and (2) Judge Spainhour's ruling as to the plaintiff's Rule 56(d) motion in the Malesich case, in which Judge Spainhour established numerous and specific findings as to Tindall's knowledge of the defect in the walkway resulting from the non-approved mixtures in the grout used to construct the walkway tees.

The parties in the present cases do not contest the applicability of the above rulings. On appeal, plaintiffs contest Judge Spainhour's determination that plaintiffs' claims against the Speedway were barred by the statute of repose and the statute of limitations. For the reasons below, we affirm Judge Spainhour's orders dismissing plaintiffs' claims.

### Statute of Repose

The statute of repose applicable to actions for damages arising out of the defective or unsafe condition of an improvement to real property is set forth in N.C. Gen. Stat. § 1-50(5)(a) (2005), which provides:

> No action to recover damages based upon or arising out of the defective or unsafe condition of an improvement to real property shall be brought more than six years from the later of the specific last act or omission of the defendant giving rise to the cause of action or substantial completion of the improvement.

Plaintiffs have the burden of showing that they brought their actions within six years of either (1) the substantial completion of the walkway or (2) the specific last act or omission of the Speedway giving rise to plaintiffs' causes of action. *See Nolan v. Paramount Homes, Inc.*, 135 N.C. App. 73, 76, 518 S.E.2d 789, 791 (1999), *disc. review denied*, 351 N.C. 359, 542 S.E.2d 214 (2000).

Plaintiffs contend that the Speedway cannot assert the six-year statute of repose because of the exception set forth in N.C. Gen. Stat. § 1-50(a)(5)(d) (2005), which provides:

> The limitation prescribed by this subdivision shall not be asserted as a defense by any person in actual possession or control, as owner, tenant or otherwise, of the improvement at the time the defective or unsafe condition constitutes the proximate cause of the injury or death for which it is proposed to bring an action, in the event such person in actual possession or control either *knew, or ought reasonably to have known, of the defective or unsafe condition.*

(emphasis added). Plaintiffs argue the Speedway, as owner of the walkway, cannot assert the statute of repose as a defense because the Speedway knew, or ought reasonably to have known, of the defect in the walkway.

Plaintiffs argue that the Speedway is charged with any and all knowledge Tindall may have possessed with respect to the construction of the walkway because of the Speedway's judicially-determined liability for the acts and omissions of Tindall. However, plaintiffs offer no persuasive authority for the assertion that Tindall's knowledge was imputed to the Speedway as a matter of law. Plaintiffs cite cases that are factually dissimilar from the present cases, namely because the cited cases pertain to inherently dangerous activities. Plaintiffs cite *Woodson v. Rowland*, 329 N.C. 330, 352, 407 S.E.2d 222, 235 (1991), in which our Supreme Court addressed whether trenching was inherently dangerous; *Dockery v. Shows*, 264 N.C. 406, 142 S.E.2d 29 (1965), in which our Supreme Court held that the owner of an amusement park had a duty of reasonable care to a patron who was injured on a ride that was inherently dangerous; and *Evans v. Rockingham Homes, Inc.*, 220 N.C. 253, 17 S.E.2d 125 (1941), in which our Supreme Court held that maintaining an open trench in a heavily populated area was an inherently dangerous activity for which the landowner/employer could be held liable for the injuries of a child who fell into a trench negligently left open by the independent contractor. Plaintiffs cite no authority factually comparable to the present cases in which liability for acts and omissions is equated to imputation of knowledge as a matter of law.

Moreover, Judge Spainhour's Rule 56(d) findings are quite specific with respect to knowledge. Judge Spainhour specifically found that: (1) Tindall knew it was required to submit a written list of ma-

terials to be used in the tees to DOT for review and approval, but did not include the Anti-Hydro product in its written list; (2) Tindall knew any product to be used in the manufacture of the tees was required to be on DOT's approved list of admixtures, but did not possess a copy of the current DOT list; and (3) Tindall employees knew that the use of a product containing calcium chloride in prestressed concrete structures such as the tees was prohibited by applicable industry standards. Judge Spainhour made no findings as to any knowledge on the part of the Speedway. This omission is significant because Judge Spainhour presided over numerous cases arising out of the same incident and was therefore intimately aware of the effect of the findings and determinations in each of his orders.

We draw a distinction between the Speedway's liability for the acts and omissions of Tindall and an imputation of Tindall's knowledge. This distinction is illustrated by Judge Spainhour's careful crafting of the discrete issues involved in the consolidated cases. First, in the 2002 Malesich case, Judge Spainhour made detailed findings concerning Tindall's acts, omissions, and knowledge regarding the construction of the walkway. In the same case, Judge Spainhour then determined that the Speedway was liable to the plaintiffs for the acts and omissions of Tindall, based on a theory of nondelegable duty. Next, in the 2003 Taylor case, Judge Spainhour presented the remaining issues of liability to the jury in terms of three separate issues: (1) the Speedway's negligence toward the plaintiffs; (2) Tindall's negligence toward the plaintiffs; and (3) the Speedway's breach of the encroachment agreement, for which the plaintiffs were third-party beneficiaries. The jury determined that the Speedway, which had a nondelegable duty to the plaintiffs, did not injure the plaintiffs by any negligent acts. Instead, the jury found that Tindall's negligence injured the plaintiffs, and that the Speedway's breach of the encroachment agreement injured the plaintiffs, who were third-party beneficiaries of the agreement.

Absent any persuasive authority to the contrary, we do not agree with plaintiffs that the Speedway's liability for the acts and omissions of Tindall necessarily translates into an imputation of Tindall's knowledge. We overrule this assignment of error.

Plaintiffs also argue the Speedway is collaterally estopped from asserting the statute of repose. Plaintiffs base this assertion on Judge Spainhour's order adopting all liability determinations rendered in the Taylor case. In his order, Judge Spainhour ruled that all parties to lit-

igation arising from the walkway collapse were collaterally estopped from relitigating the issue of liability. Plaintiffs argue that by asserting the statute of repose, the Speedway is attempting to circumvent Judge Spainhour's order. We disagree.

A statute of repose is a condition precedent to an action and must be specially pled by a plaintiff. *Tipton & Young Construction Co. v. Blue Ridge Structure Co.*, 116 N.C. App. 115, 188, 446 S.E.2d 603, 605 (1994), *aff'd*, 340 N.C. 257, 456 S.E.2d 308 (1995). As a condition precedent, a statute of repose

> establishes a time period in which suit must be brought in order for the cause of action to be recognized. If the action is not brought within the specified period, the plaintiff literally has *no* cause of action. The harm that has been done is *damnum absque injuria*—a wrong for which the law affords no redress.

*Boudreau v. Baughman*, 322 N.C. 331, 340-41, 368 S.E.2d 849, 857 (1988) (internal quotation omitted). Therefore, the issue of liability, on the one hand, and the issue of a statute of repose, on the other hand, are two separate and distinct legal doctrines. The Speedway has not previously litigated the issue of the statute of repose, and thus is not collaterally estopped from asserting the statute of repose. This assignment of error is overruled.

For the foregoing reasons, we hold Judge Spainhour did not err in determining that the statute of repose bars plaintiffs' claims. Because the statute of repose bars plaintiffs' claims, we do not address plaintiffs' remaining assignments of error regarding the applicability of the statute of limitations. *See, e.g., Wood v. BD&A Constr., L.L.C.*, 166 N.C. App. 216, 222, 601 S.E.2d 311, 315-16 (2004); *Bryant v. Don Galloway Homes, Inc.*, 147 N.C. App. 655, 660, 556 S.E.2d 597, 602 (2001).

Affirmed.

Judges McCULLOUGH and STEPHENS concur.