ANTHONY ROBINSON, CALIZZA WHITAKER, EDITH ROBINSON, INDIVIDUALLY AND AS GUARDIAN AD LITEM OF SHONDRETTA WHITAKER AND SHONDRETTA WHITAKER, PLAINTIFFS V. BRIDGESTONE/FIRESTONE NORTH AMERICAN TIRE, L.L.C., A FOREIGN CORPORATION, LITTLETON SERVICE CENTER AND LUTHER ALSTON, INDIVIDUALLY AND AS A SERVANT, AGENT, AND EMPLOYEE OF LITTLETON SERVICE CENTER, DEFENDANTS

No. COA09-1108

(Filed 18 January 2011)

## 1. Statutes of Limitation and Repose— products liability— policy arguments on fairness

The trial court did not err by granting summary judgment in favor of defendants based on its determination that plaintiffs' products liabilities claims were barred by the six-year statute of repose under N.C.G.S. § 1-50(a)(6). Plaintiffs' policy arguments attacking the general fairness of the statute should be directed to the General Assembly.

## 2. Estoppel— equitable estoppel—assertion of products liability statute of repose

The trial court did not err by concluding that defendant tire company was not equitably estopped from asserting that plaintiffs' products liability claims were barred by the statute of repose. Plaintiffs failed to point to any evidence showing that they relied on defendant's conduct in delaying the filing of their suit.

Appeal by plaintiffs from orders entered 24 February 2009 by Judge J. Richard Parker in Halifax County Superior Court. Heard in the Court of Appeals 23 February 2010.

ROBINSON v. BRIDGESTONE/FIRESTONE N. AM. TIRE, L.L.C.

[209 N.C. App. 310 (2011)]

*Angela M. Bullard for plaintiff-appellants.*

*Young Moore and Henderson, P.A., by David M. Duke and Shannon S. Frankel, for defendant-appellee Bridgestone/ Firestone North American Tire, L.L.C.*

GEER, Judge.

Plaintiffs Anthony Robinson; his wife, Edith Robinson; and Ms. Robinson's daughters, Calizza Whitaker and Shondretta Whitaker, appeal from the trial court's grant of summary judgment to defendants Bridgestone/Firestone North American Tire, L.L.C. ("Firestone"), Littleton Service Center ("Littleton"), and Luther Alston based on the court's determination that plaintiffs' products liability claims are barred by the six-year statute of repose set out in N.C. Gen. Stat. § 1-50(a)(6) (2007). In this appeal, plaintiffs attack the general fairness of this statute of repose, including the statute's requirement that plaintiffs bear the burden of proving when the statute of repose began running. The bulk of those arguments are, however, policy arguments that must be directed to the General Assembly. Because plaintiffs have pointed to no evidence in the record to show that their claim is not barred by N.C. Gen. Stat. § 1-50(a)(6), we affirm.

## Facts

In late May 2002, Anthony Robinson purchased four used automobile tires for $20.00 each from an unknown man on Highway 48 in Halifax County, North Carolina. A few days later, Mr. Robinson took the tires to Littleton to have them mounted on his 1994 Ford Explorer. Luther Alston was working at Littleton when Mr. Robinson came in. While talking to Mr. Alston, Mr. Robinson decided the tires he had bought were too large to fit the Explorer. Mr. Alston told Mr. Robinson that he had some used tires at home that would fit the vehicle and offered to trade them for Mr. Robinson's tires.

Mr. Alston went to his house, picked up four mismatched tires, brought them back to the store, and gave them to Mr. Robinson in exchange for his used tires. Mr. Robinson took home the set of tires Mr. Alston had brought him. The next day, Ms. Robinson brought the Explorer and the tires back to Littleton and had the tires mounted on the vehicle.

Two days later, on 2 June 2002, the Robinson family—with Ms. Robinson driving—traveled in the Explorer to Rocky Mount to visit

Ms. Robinson's father. While the family was driving on Interstate 95 at approximately 70 miles per hour, they heard a loud noise and the Explorer began to swerve. As the Explorer swerved to the right, Ms. Robinson steered back to the left, at which point the Explorer struck a guardrail on the left side of the vehicle and rolled over. All four passengers were seriously injured in the accident. Although Mr. and Ms. Robinson and Calizza Whitaker largely recovered from their injuries, Shondretta Whitaker is paralyzed. She relies on a feeding tube, requires 24-hour care, and can only communicate using nonverbal cues.

It was later determined that the tread on one of the tires given by Mr. Alston to Mr. Robinson had separated, causing Ms. Robinson to lose control of the vehicle. That tire, a P235/75R15 Firestone Radial ATX extra load tire, was the subject of a nationwide voluntary recall initiated by Firestone on 9 August 2000. Mr. Alston denied having any knowledge of the recall at the time he traded the tire to Mr. Robinson in 2002. Mr. Robinson testified that although he was aware of the recall program, he did not think about the recall when he received the tires from Mr. Alston.

On 27 May 2005, plaintiffs filed a personal injury action against Littleton, Mr. Alston, and Firestone.[1] In October 2005, defendants filed motions to compel plaintiffs to produce the tire for inspection. On 16 November 2005, the trial court entered an order compelling plaintiffs to comply with defendants' discovery requests and, on 22 February 2006, entered an order dismissing plaintiffs' complaint without prejudice for failure to comply with that order. Plaintiffs re-filed their complaint on 11 January 2007.

On 19 September 2008, Firestone filed a motion to dismiss plaintiffs' claim for punitive damages pursuant to Rule 12(b)(6) of the Rules of Civil Procedure and a motion for summary judgment as to all of plaintiffs' other claims based primarily on the six-year statute of repose set forth in N.C. Gen. Stat. § 1-50(a)(6). Plaintiffs did not oppose the dismissal of their punitive damages claim, and the trial court entered an order dismissing it on 6 October 2008.

With respect to Firestone's motion for summary judgment, plaintiffs sought a continuance of the hearing in order to have additional time to conduct discovery related to the statute of repose, including discovery as to when the tire was first sold. The trial court gave plaintiffs

---

1. Plaintiffs' current appellate counsel did not represent plaintiffs in the proceedings below. It appears from the record that plaintiffs were represented by Indiana counsel and other North Carolina counsel during the trial-level proceedings.

until 10 January 2009 to conduct additional discovery and allowed Firestone until 23 February 2009 to conduct responsive discovery.

On 21 January 2009, Firestone filed a motion to compel plaintiffs to supplement prior discovery; to make available for deposition their private investigator, Donald Looft, an Indiana private investigator retained by plaintiffs who had contacted Mr. Alston and the owner of Littleton, Ammie Ray Holloman, in December 2008; to make available for deposition any other witnesses not previously disclosed; and to produce documents.

The trial court conducted a hearing on the motion to compel on 5 February 2009, at which the court heard testimony from both Mr. Holloman and Mr. Alston. The trial court also admitted into evidence a document written by Mr. Looft and given to both Mr. Alston and Mr. Holloman as a "sample affidavit." The proposed affidavit contained false information about the initial purchase of the tire. Both Mr. Holloman and Mr. Alston testified that Mr. Looft indicated to them that if they cooperated with plaintiffs and provided the false information about where and when the tire had been sold, plaintiffs would dismiss Littleton and Mr. Alston from the lawsuit.

In addition, according to Mr. Holloman, Mr. Looft had visited him twice at Littleton and demanded to speak with him about the case. When Mr. Holloman refused to discuss the case with him, Mr. Looft threatened to "make [his] life miserable." Mr. Holloman took Mr. Looft's conduct and statements to be "a direct threat" to his livelihood. Mr. Alston also testified that Mr. Looft visited him at Littleton and threatened him if he did not sign an affidavit similar to the "sample affidavit."

The trial court, in an order entered 19 February 2009, granted Firestone's motion to compel. With respect to Mr. Looft, the trial court found that he had engaged in conduct toward Mr. Hollomon and Mr. Alston, who were not represented by counsel, that was designed to threaten and harass them. The trial court further found that Mr. Looft's "actions were clearly designed to suborn perjured testimony from said witnesses."

In addition, the trial court found that plaintiffs, in violation of Rule 26(e) of the Rules of Civil Procedure, had failed to identify any witness with knowledge regarding the date that the tire at issue was purchased. The trial court, therefore, ordered that plaintiffs were barred from introducing any testimony at a later hearing or trial regarding the date that the tire was purchased for use or consumption

within the meaning of N.C. Gen. Stat. § 1-50(a)(6) except to the extent the information was disclosed during two depositions taken prior to plaintiffs' 10 January 2009 discovery deadline. In light of this ruling, the trial court denied Firestone's request to depose Mr. Looft as moot since any evidence obtained in that deposition would, by virtue of the court's order, be inadmissible.

On 9 and 17 February 2009, Littleton and Mr. Alston also filed motions for summary judgment. On 24 February 2009, the trial court granted summary judgment in favor of all of the Defendants. Plaintiffs timely appealed to this Court.

I

[1] Plaintiffs' primary argument on appeal is that the trial court erred in concluding that the six-year products liability statute of repose applies to bar their claims. N.C. Gen. Stat. § 1-50(a)(6) provided:

No action for the recovery of damages for personal injury, death or damage to property based upon or arising out of any alleged defect or any failure in relation to a product shall be brought more than six years after the date of initial purchase for use or consumption.

"A statute of repose is a substantive limitation, and is a condition precedent to a party's right to maintain a lawsuit." *Tipton & Young Constr. Co. v. Blue Ridge Structure Co.*, 116 N.C. App. 115, 117, 446 S.E.2d 603, 605 (1994), *aff'd per curiam*, 340 N.C. 257, 456 S.E.2d 308 (1995). "For injuries to which G.S. 1-50(6) is applicable, therefore, the plaintiff must prove the condition precedent that the cause of action is brought no 'more than six years after the date of initial purchase [of the product] for use or consumption.' " *Bolick v. American Barmag Corp.*, 306 N.C. 364, 370, 293 S.E.2d 415, 420 (1982) (quoting N.C. Gen. Stat. § 1-50(6)). "If plaintiff fails to prove that its cause of action is brought before the repose period has expired, . . . plaintiff's case is insufficient as a matter of law." *Chicopee, Inc. v. Sims Metal Works, Inc.*, 98 N.C. App. 423, 426, 391 S.E.2d 211, 213, *disc. review denied*, 327 N.C. 426, 395 S.E.2d 674, 675 (1990).

Plaintiffs first point out that, in 2009, the General Assembly repealed § 1-50(a)(6) and amended Article 5 of Chapter 1 of the General Statutes by adding N.C. Gen. Stat. § 1-46.1(1) (2009), which provides:

No action for the recovery of damages for personal injury, death, or damage to property based upon or arising out of any alleged defect or any failure in relation to a product shall be brought

ROBINSON v. BRIDGESTONE/FIRESTONE N. AM. TIRE, L.L.C.

[209 N.C. App. 310 (2011)]

more than 12 years after the date of initial purchase for use or consumption.

As plaintiffs acknowledge, N.C. Gen. Stat. § 1-46.1(1) became effective 1 October 2009 and applies to causes of action that accrue on or after that date. Nonetheless, after noting that they would "have been able to meet [their] burden under the newly-enacted 12-year statute of repose," plaintiffs argue that the adoption of N.C. Gen. Stat. § 1-46.1(1) indicates that "our elected representatives determined that a 6-year statute of repose created an unacceptable imbalance in favor of international manufacturers against injured North Carolinians." To the extent that plaintiffs are arguing that the courts should apply N.C. Gen. Stat. § 1-46.1(1) to this action, we are barred from doing so by the General Assembly's decision not to make the revised statute of repose retroactive. The six-year statute of repose set out in § 1-50(a)(6) applies to this action.

Plaintiffs filed their complaint on 27 May 2005. Under N.C. Gen. Stat. § 1-50(a)(6), the adult plaintiffs had to show that the allegedly defective tire was initially purchased within six years of the filing of the complaint—in other words, that the tire was purchased on or after 27 May 1999. The discovery obtained from Firestone showed that the tire in this case bore an identification number issued by the Department of Transportation ("DOT"). This DOT identification number indicated that the tire was manufactured at Firestone's Decatur, Illinois manufacturing facility during the 35th week of 1995. All tires of the same type manufactured at the same plant during the same week of production have the same DOT identification number, which makes it impossible to track a particular tire.

Firestone does not maintain records tracking the sale of tires by their DOT identification number. Firestone also has no records indicating the date on which P235/75R15 Radial ATX tires bearing DOT number VDHL1LB355 were shipped from the plant or the location to which they were shipped. Although Firestone produced summaries of its shipment information for 1995 and 1996, that information does not show the dates of shipment, dates of sale, or the purchaser of the tires. Firestone has no information as to where any particular tire manufactured during the 35th week of 1995 went. Likewise, Mr. Alston and Littleton denied any knowledge of where or when the tire was initially purchased. The adult plaintiffs, therefore, have pointed to no evidence as to what happened to the tire after it was manufactured in August 1995 and have failed to meet their burden of proof.

ROBINSON v. BRIDGESTONE/FIRESTONE N. AM. TIRE, L.L.C.

[209 N.C. App. 310 (2011)]

The analysis is different with respect to the minor plaintiffs. N.C. Gen. Stat. § 1-17(a) (2009) provides:

> A person entitled to commence an action who is under a disability at the time the cause of action accrued may bring his or her action within the time limited in this Subchapter, after the disability is removed, except in an action for the recovery of real property, or to make an entry or defense founded on the title to real property, or to rents and services out of the real property, when the person must commence his or her action, or make the entry, within three years next after the removal of the disability, and at no time thereafter.

The statute, therefore, "provides for the tolling of most limitations periods during a person's minority." *Bryant v. Adams*, 116 N.C. App. 448, 456, 448 S.E.2d 832, 836 (1994), *disc. review denied*, 339 N.C. 736, 454 S.E.2d 647 (1995).

In *Bryant*, 116 N.C. App. at 458, 448 S.E.2d at 837, however, this Court held that "§ 1-17 does not completely eviscerate the statute of repose in the case of minors and others under disability." It explained:

> If a product is over six years old at the time of injury, which would be the time that the claim accrues, then the statute of repose operates as a total bar on that claim. However, if a claim accrues before the six year statute of repose has expired, G.S. § 1-17 simply operates to extend the time period within which a minor or other with disability may bring suit under Chapter 99B. Therefore, claims *accruing* after six years will still be barred.

*Id.*

The accident in this case occurred on 2 June 2002. Under N.C. Gen. Stat. § 1-17, the minor plaintiffs had to show that the accident occurred less than six years after the tire was initially sold. For this action to be timely, the tire would have had to have been first sold no earlier than 2 June 1996. As plaintiffs' only evidence was that the tire was manufactured in August 1995, the six-year statute of repose could have expired prior to the accrual of the minor plaintiffs' claims. Plaintiffs bore the burden of showing that the tire was not first sold until more than nine months after it was manufactured. While such a lapse of time might well be possible, plaintiffs have presented no evidence suggesting that this much time passed before sale.

ROBINSON v. BRIDGESTONE/FIRESTONE N. AM. TIRE, L.L.C.

[209 N.C. App. 310 (2011)]

This case is controlled by *Vogl v. LVD Corp.*, 132 N.C. App. 797, 514 S.E.2d 113 (1999). In *Vogl*, a worker's fingers were injured in 1995 when parts called "flip fingers" installed on a press brake machine malfunctioned. *Id.* at 798, 514 S.E.2d at 114. The plaintiff brought suit in 1996, and the trial court concluded his claims were barred by the six-year statute of repose. *Id.* The defendant presented evidence that the defective flip fingers were the original parts sold with the machine in 1988 and finally installed in 1989. *Id.* at 800, 514 S.E.2d at 114-15. In opposition, the plaintiff relied upon his supervisor's testimony that (1) the company had eight to 10 flip fingers and used them interchangeably on three press brake machines and (2) the company had purchased four new flip fingers sometime after the supervisor was employed in 1993. *Id.*, 514 S.E.2d at 115. Plaintiff also presented expert testimony that the flip fingers on the press brake machine were no more than two to three years old at the time of the accident. *Id.*

This Court held that the plaintiff's evidence was insufficient to meet the plaintiff's burden of proof. The Court pointed out that the supervisor had not provided an actual purchase date for the flip fingers that had failed when the plaintiff was injured. In addition, the supervisor admitted that only two of the new flip fingers purchased after 1993 were in fact received prior to the 1995 accident and, even as to those, the supervisor could not provide a specific date of purchase. *Id.* With respect to the expert witnesses, the Court noted that they had based their conclusion that the flip fingers were only two to three years old solely on witness testimony that the parts were meant to be replaced frequently and that at least four flip fingers were purchased after the machine was installed. *Id.*

The Court then explained: "Given that the flip fingers are used interchangeably between the three press machines, [the company's] purchase of four flip fingers after 1993 does not establish that the new flip fingers were actually used in [the plaintiff's] machine on the day of the accident. This evidence is speculative at best that the defective flip fingers used in [the plaintiff's] machine were purchased after the press brakes' final installation." *Id.* at 800-01, 514 S.E.2d at 115. Based on this reasoning, the Court concluded that the plaintiff "failed to meet [his] burden of showing that there is a genuine issue of material fact as to whether his action was brought within the six year limit under the statute of repose." *Id.* at 801, 514 S.E.2d at 115.

In this case, plaintiffs' evidence is even more speculative. They have shown only the date that the tire was manufactured. Plaintiffs

contend, however, that it could be possible that the tire's first sale was nine months after it was manufactured in the 35th week of 1995, which would bring it within the statute of repose. Plaintiffs highlight a scenario in which the tire sat in the warehouse, then was held up in shipment to retailers or distributors, and then delayed further in the stores. This theory, however, is no different than the speculation in *Vogl* that it was possible the flip fingers had been purchased inside the statute of repose period. As there is no actual evidence to support the possibility posed by plaintiffs, we hold that § 1-50(a)(6) bars plaintiffs' claim.

While plaintiffs acknowledge *Vogl*, they argue that the requirement that a plaintiff prove that he or she brought suit within six years of the first purchase of the product should not apply when the defendants did not keep records adequate to establish the date of the first purchase. Plaintiffs point out that they "bought the defective tire used[] from a tire dealer who neither kept adequate records of his tire inventory nor paid adequate attention to the recalls announced by tire manufacturers. Further, the tire manufacturer[] failed to keep adequate records of *even the first sale* of the products it put into commerce, or instructed the automobile manufacturers or retailers to whom it sold to keep records of tires purchased."

Neither *Vogl* nor the authority upon which it relied allows for shifting of the burden of proof based on the adequacy of potential defendants' records. In essence, plaintiffs ask this Court to carve out a common law exception to the statute of repose and shift the burden to the defendant to prove the date of the initial sale of the product in cases where the product was subject to a nationwide recall and information about the initial sale is in the exclusive possession and control of the manufacturer or seller. Plaintiffs cite no authority for this proposition, arguing only that it is unfair to allow a manufacturer to escape liability for defective products by failing to keep accurate and detailed records as to where that product went when it entered the stream of commerce.

It is well established North Carolina law, however, that a plaintiff has the burden of proving that the statute of repose does not bar his or her claim. Plaintiffs ask this Court to ignore the legislative intent expressed in N.C. Gen. Stat. § 1-50(a)(6) based on public policy arguments, something we cannot do. *See Ferguson v. Riddle*, 233 N.C. 54, 57, 62 S.E.2d 525, 528 (1950) ("The question of the wisdom or propriety of statutory provisions is not a matter for the courts, but

ROBINSON v. BRIDGESTONE/FIRESTONE N. AM. TIRE, L.L.C.

[209 N.C. App. 310 (2011)]

solely for the legislative branch of the state government."). Any exception to the burden of proof set out in *Bolick* would have to be first established by the Supreme Court or the General Assembly.[2]

In urging that the legislature has expressed disagreement with *Bolick*, plaintiffs point to a bill not enacted by the legislature that would have "rightfully shifted the burden to [defendants]—the parties with better information and access to such information than the [p]laintiffs herein." We do not understand how this proposed, *but ultimately not enacted*, legislation can be, as plaintiffs contend, "[e]vidence of [l]egislative [d]isapproval."

II

[2] Plaintiffs also argue that because Firestone was unwilling to recover and submit information about where the tire went after it was manufactured, Firestone should be equitably estopped from asserting that plaintiffs' claims are barred by the statute of repose. "A party may be estopped to plead and rely on a statute of limitations defense when delay has been induced by acts, representations, or conduct which would amount to a breach of good faith." *Bryant*, 116 N.C. App. at 459-60, 448 S.E.2d at 838. "Equitable estoppel may also defeat a defendant's statute of repose defense." *Id.* at 460, 448 S.E.2d at 838.

" 'The essential elements of estoppel are (1) conduct on the part of the party sought to be estopped which amounts to a false representation or concealment of material facts; (2) the intention that such conduct will be acted on by the other party; and (3) knowledge, actual or constructive, of the real facts.' " *Id.* (quoting *Hensell v. Winslow*, 106 N.C. App. 285, 290-91, 416 S.E.2d 426, 430, *disc. review denied*, 332 N.C. 344, 421 S.E.2d 148 (1992)). " 'The party asserting the defense must have (1) a lack of knowledge and the means of knowledge as to the real facts in question; and (2) relied upon the conduct of the party sought to be estopped to his prejudice.' " *Id.* (quoting *Hensell*, 106 N.C. App. at 290-91, 416 S.E.2d at 430).

"In order for equitable estoppel to bar application of the statute of repose, a plaintiff must have been induced to delay filing of the action by the conduct of the defendant that amounted to the breach of good faith." *Wood v. BD&A Constr., L.L.C.*, 166 N.C. App. 216, 221,

---

2. We note that plaintiffs' reasoning regarding a potential plaintiff's lack of access to records is less compelling in this case in which Mr. Robinson obtained the tire by trading used tires he purchased from an unknown person for four used, mismatched tires from Mr. Alston.

601 S.E.2d 311, 315 (2004). Plaintiffs have not pointed to any evidence that they relied on Firestone's conduct in delaying the filing of their suit. We, therefore, affirm the trial court's grant of summary judgment. *See Pembee Mfg. Corp. v. Cape Fear Constr. Co.*, 69 N.C. App. 505, 509-10, 317 S.E.2d 41, 44 (1984) (affirming grant of summary judgment under statute of limitations where plaintiffs provided "no explanation as to what acts, representations or conduct by defendants . . . induced the [plaintiffs'] delay in initiating this action"), *aff'd*, 313 N.C. 488, 329 S.E.2d 350 (1985); *Carl Rose & Sons Ready Mix Concrete, Inc. v. Thorp Sales Corp.*, 36 N.C. App. 778, 782, 245 S.E.2d 234, 236 (1978) (holding defendant not equitably estopped from pleading statute of limitations where there was nothing in record indicating that defendant induced plaintiff to delay initiation of action).

Affirmed.

Judges McGEE and ERVIN concur.